**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| ADELINA C. ROCABRUNA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> *Defendant*. | Civil Action No. 1:12-cv-00506 (LMB/TCB) |

**RULE 26(f) CONFERENCE REPORT**

Pursuant to this Court's July 5, 2012 Order, counsel for Plaintiffs Adelina C. Rocabruna and Miguel A. Rocabruna (the "Rocabrunas") and Defendant Bank of America, N.A. ("BOA") met and conferred via telephone on July 16, 2012, to consider (1) the claims, defenses, and possibilities of a prompt settlement or resolution of the case; (2) trial before a magistrate judge; (3) the arrangement of initial disclosures; and (4) a mutually-agreeable discovery plan. The parties, by counsel and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, respectfully submit this Rule 26(f) Conference Report for this Court's consideration.

**I.     Claims, Defenses, and Possibilities of Settlement.**

The parties discussed the possibility of a prompt settlement or resolution of the case, and they have determined that there is some likelihood of an early settlement or resolution. Accordingly, the parties agreed in good faith to pursue settlement discussions in the immediate future, and continue their settlement discussions throughout the entirety of the case.

**II.    Trial Before a Magistrate Judge.**

The parties discussed the possibility of requesting a trial before a magistrate judge.

While Plaintiffs do consent to trial by a magistrate judge, BOA does not consent to a trial before a magistrate judge.

### III. Proposed Discovery Plan.

The parties discussed, and have agreed upon, the following discovery plan:

**A. Initial Disclosures.** The parties discussed the substance and timing of initial disclosures. The parties agree to furnish their Rule 26(a)(1) initial disclosures by August 6, 2012, and agree to promptly supplement their disclosures as the case may be.

**B. Expert Disclosures.** The parties discussed the substance and timing of expert disclosures. The parties agree to furnish their Rule 26(a)(2) expert disclosures by September 7, 2012. Rule 26(a)(2)(D)(ii) disclosures must be furnished by October 5, 2012.

**C. Subjects and Sequence of Discovery.** The parties agree to conduct discovery on all discoverable subjects related to the issues raised in the Complaint and Answer. Discovery will not be conducted in phases. The parties are not aware of any facts at this time that would require a change in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's local rules or orders, and further acknowledge this Court's discovery completion date of October 12, 2012, and final pretrial conference date of October 18, 2012.

**D. Protective Order.** The parties agree that a protective order should govern the production and disclosure of discoverable information. The parties continue to negotiate the terms of the proposed protective order, and agree to submit a joint proposed protective order to the Court on or before August 17, 2012. The proposed protective order shall include a claw-back provision that governs the return and destruction of certain inadvertently-produced information during discovery. If the parties cannot come to a mutually-acceptable proposed protective order prior to August 17, 2012, the parties shall notice a hearing for August 24, 2012, for this Court to

resolve any outstanding disputes regarding the terms of the protective order. Counsel for BOA plans to propose a stipulated protective order to plaintiffs that will protect confidential material produced and that will include provisions that governs the return and destruction of inadvertently produced privileged information and that provides that such production does not operate as a waiver of the privilege.

  **E.**  **Discovery of Electronically Stored Information ("ESI").** The parties have discussed the likelihood of discovery of ESI and agree to produce ESI in a standard searchable format that allows for Bates numbering and prevents any manipulation of data after production. If a requesting party's requests appear to seek a large volume of ESI, the parties will meet and confer to discuss limiting the collection to a reasonable number of custodians and sources, taking into account the volume of data held in each source, and will discuss and attempt to agree upon filtering the data using search terms or using other culling techniques to limit the volume of documents to be reviewed in a manner that fairly balances the requesting party's request and the producing party's burden to respond to the request. Disputes regarding the request or production of ESI shall be resolved as all discovery disputes are under the Federal Rules.

  Given the potential expense and burden of the review and production of ESI, the producing party may, at its option, require the requesting party to contribute to the financial burden of performing ESI obligations. Prior to incurring any expense, the producing party shall, at its option, inform the requesting party of the expense in reviewing and producing the requested ESI, and may request the requesting party to fulfill a portion of the financial burden of the review and production. Any cost-shifting disputes shall be promptly brought before the Court, and the parties agree that no production need occur until the cost-shifting disputes are resolved.

  **F.**  **Modification to Discovery Rules.** The parties do not propose any modifications

to the limitations of discovery imposed by the applicable rules, and see no need to impose any further limitations on discovery. The parties acknowledge that the Rocabrunas, collectively, and BOA may not take more than five (5) non-party, non-expert witness depositions, or serve on the opposition more than thirty (30) interrogatories, including parts and subparts, without leave of this Court.

IV.     **Waiver of Rule 16(b) Conference Appearance.**

The parties consent to the Court ruling on these matters on this submission and agree to waive appearances at the pretrial conference if this Court deems it appropriate.

Respectfully Submitted,

_____/s/_____
(*Electronically signed with express permission by Anand V. Ramana, Virginia Bar No. 65852*)
Leonard Anthony Bennett VSB 37523
Susan Mary Rotkis VSB 40693
CONSUMER LITIGATION ASSOCIATES, PC
763 J. Clyde Morris Blvd, Suite 1-A
Newport News, Virginia 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@cox.net
Email: srotkis@clalegal.com

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Dr
Suite 200
Fairfax, Virginia 22030
Tel:  (703) 277-9774
Fax: (703) 591-9285
Email: kkelly@siplfirm.com
*Attorneys for Plaintiffs*

5

_____/s/_____
Anand V. Ramana (VSB No. 65852)
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C. 20036-5317
Tel: (202) 857-1734
Fax: (202) 828-2973
E-mail: aramana@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th of July, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

      Leonard Anthony Bennett
Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net
Email: srotkis@clalegal.com

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Dr
Suite 200
Fairfax, VA 22030
703-277-9774
Fax: 703-591-9285
Email: kkelly@siplfirm.com

      /s/
Anand V. Ramana (VSB No. 65852)
**MCGUIREWOODS LLP**
2001 K Street, N.W.
Suite 400
Washington, DC  20006
Tel:  (202) 857-1734
Fax:  (202) 828-2973
Email:  aramana@mcguirewoods.com
*Counsel for Bank of America, N.A.*