**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**




ADELINA C. ROCABRUNA, *et al.*,

*Plaintiffs*,

v.

BANK OF AMERICA, N.A.,

*Defendant*.

Civil Action No. 1:12-cv-00506 (LMB/TCB)

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiffs Adelina C. Rocabruna and Miguel A. Rocabruna ("Plaintiffs") and Defendant Bank of America, N.A. ("Defendant"), through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential applicant or employee information, confidential research and development, or other proprietary information belonging to Defendant or third parties and/or credit, personal and other confidential information belonging to Defendant or third parties and/or other confidential information of Plaintiff(s).

THEREFORE, this Court orders as follows:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Order.

2. Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by

any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1)(G) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS," respectively.

3. A party wishing to designate portions of a deposition transcript CONFIDENTIAL or CONFIDENTIAL-AEO pursuant to this Order must, within five (5) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-AEO, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript. All transcripts for timely ordered depositions will be treated as CONFIDENTIAL-AEO MATERIAL until the expiration of the ten-day period described in this paragraph. Any portions of a transcript designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL shall thereafter be treated as CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4. All CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the discovery, and/or the preparation and trial of this action in accordance with this Order.

5. The Parties agree that CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings absent agreement of counsel or Order of the Court.

6. Subject to paragraph 10, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties, their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) any governmental agency, governmental office, or other person formally requesting such information or documents by subpoena or civil investigative demand ("CID"), provided that the designating party shall be given notice of the subpoena or demand within three (3) days of the receipt of the subpoena or demand, and that within three (3) days of that notice, the designating party shall inform the receiving party whether it intends to object to or move to quash the subpoena or demand, and in the event an objection or motion is filed with the

appropriate court or agency, no such production shall be made by the receiving party until the court or agency has ruled on the objection or motion; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

7. Subject to paragraph 10, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 6(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto.

8. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

9. Subject to paragraph 10, in the absence of prior written permission from designating party or an order by the Court CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than counsel of record in this case or as provided in paragraph 6(v) of this Order until the notice provisions have run for the producing party. All persons to whom CONFIDENTIAL-AEO MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL-AEO MATERIALS shall disseminate or disclose them

to any person other than counsel of record in this case or as provided in paragraph 6(v) of this Order until the notice provisions have run for the producing party and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL-AEO MATERIALS.

10. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice. The designating party shall have the right to move the Court for a Protective Order in order to retain the designated status of such materials. If the designating party files such a motion within the fifteen-day period, the receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

11. Subject to paragraph 10, unless a filing party intends to file the CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS under seal in accordance with Local Rule 5, any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court must contact the designating party two (2) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL

MATERIALS or CONFIDENTIAL-AEO MATERIALS shall file such material in accordance with Local Rule 5(B) & (D). The designating party shall file a Motion to File Under Seal simultaneously with the other party's filing and within five (5) days thereafter shall file a supporting memorandum that complies with the requirements of Local Rule 5(C). The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules and this Order.

12. The production or disclosure during discovery of an attorney-client privileged, work product, confidential, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the designating party provided that such production or disclosure would not operate as a waiver according to the principles set forth in Federal Rule of Evidence 502 and the associated case law. Upon notice by the designating party that Protected Material was produced or disclosed, all recipients of the Protected Material shall promptly return, sequester, or destroy the Protected Material and any copies it has and shall not use it (or information in it) in any litigation, not permit it to be copied, distributed or otherwise disclosed to any person until the matter of its production or disclosure is resolved either amicably by the parties, or by Order of the Court. *See* Fed. R. Civ. P. 26(b)(5)(B).

13. Subject to paragraph 10, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating party all materials containing CONFIDENTIAL MATERIALS and/or CONFIDENTIAL-AEO MATERIALS (with the exception of drafts of pleadings filed with the Court, which the receiving party may retain but shall continue to treat as CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS as provided in this Order). The receiving party may elect to destroy such materials rather than return them, in which case the party shall provide written verification that

the materials, including any summaries, extracts, compilations, notes, or other attorney work product containing CONFIDENTIAL MATERIALS and/or CONFIDENTIAL-AEO MATERIALS (with the exception of drafts of pleadings filed with the Court), have been destroyed.

14. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

15. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

16. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-AEO," nor the failure to make such designation, shall constitute evidence or an admission on any issue in this case. The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

17. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

18. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Order by providing Plaintiffs and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

IT IS SO ORDERED.

Dated: August 21, 2012

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

**WE ASK FOR THIS:**

/s/

Brian E. Pumphrey (VSB No. 47312)
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-7745
Fax: (804) 698-2018
Email: bpumphrey@mcguirewoods.com

Anand V. Ramana (VSB No. 65852)
McGuireWoods LLP
2001 K Street, N.W., Suite 400
Washington, D.C. 20036-5317
Tel: (202) 857-1734
Fax: (202) 828-2973
E-mail: aramana@mcguirewoods.com
*Attorneys for Defendant, Bank of America*

/s/

Leonard Anthony Bennett, (VSB# 37523)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net

Susan M. Rotkis, Esq. (VSB #40693)
CONSUMER LITIGATION ASSOCIATES, P.C.

763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

Kristi Cahoon Kelly, Esq. (VSB #72791)
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
703-251-5400 - Telephone
703-591-9285 – Facsimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

Andrew J. Guzzo, Esq. (VSB #82170)
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
703-251-5400 - Telephone
703-591-9285 – Facsimile
Email: aguzzo@siplfirm.com

*Attorneys for Plaintiffs*