IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Civil Division

| | |
|---|---|
| **ADELINA C. ROCABRUNA, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No.: 1:12-cv-506-LMB/TCB** |
| ) | |
| **BANK OF AMERICA, N.A.,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL, OR, IN THE ALTERNATIVE, PLAINTIFFS' MOTION IN LIMINE

COME NOW the Plaintiffs, by counsel, and for their Memorandum in Support of their Motion to Compel, or, in the alternative, in support of their Motion in Limine pursuant to Federal Rule of Civil Procedure 37(c)(1) to prohibit Defendant from supporting or opposing Plaintiffs' claim that Defendant failed to properly investigate Plaintiffs' dispute, they state as follows:

### BACKGROUND

This case arises because Defendant, Bank of America, N.A. ("Defendant") refused to correct its inaccurate credit reporting that the Plaintiffs, Adelina and Miguel Rocabruna ("Plaintiffs"), had defaulted on their mortgage with Defendant. Plaintiffs never missed a mortgage payment. The Defendant also failed to respond to multiple qualified written requests to the Defendant to investigate the disputes. Despite that Plaintiffs disputed these facts directly to the Defendant, then through the consumer reporting agencies, Defendant continued to falsely report just about the worst thing that could appear on a consumer's report: a defaulted mortgage and foreclosure sale. Plaintiffs now prosecute this action pursuant to the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq.* and the Real Estate Settlement Procedures Act

(RESPA), 12 U.S.C. 2601, *et seq.*   More specifically, Plaintiffs allege that Defendant violated 1681s-2(b) in failing to conduct a complete and meaningful investigation of their multiple disputes regarding its failure to properly account their mortgage payments.   Not only did the Defendant refuse to correct the inaccurate information regarding the mortgage and kept reporting it as in default, it also failed in its obligation to respond to her multiple qualified written requests regarding this very issue.

## PROCEDURAL HISTORY

On August 14, 2012, Plaintiffs' counsel asked counsel for Defendant for available dates for the depositions of Defendant's Automated Consumer Dispute Verification ("ACDV") operators.   These are the individuals who are responsible for investigating credit reporting disputes made by consumers to Bank of America, through the credit reporting agencies.   The credit reporting agencies then act exactly as instructed by these ACDV operators when deciding whether to retain or delete derogatory information in the Plaintiffs' credit files.   Their testimony could not be more important or relevant to this case. In response, Defendant adopted the position that it is not required to produce its Automated Consumer Dispute Verification ("ACDV") operators because they are non-management employees located in India. To that end, Defendant informed Plaintiff that its ACDV operators must be subpoenaed in accordance with Federal Rule of Civil Procedure 45.

Plaintiff has sought Defendant's cooperation in good-faith to schedule the depositions of Defendant's employees who actually handled Plaintiffs' disputes. Despite Plaintiffs initial request on August 14, 2012, Defendant has not even supplied the names or locations of the employees who actually handled Plaintiffs' consumer reporting disputes in this case. Instead, Defendant has disclosed the names of *only* two Bank of America employees, Janet Cleversy and

Edmund Bouchane, *neither* of whom possess information regarding Defendant's investigation of Plaintiffs' consumer reporting disputes in this case as performed by its ACDV operators. A true and accurate copy of Defendant's Rule 26(a)(1) Initial Disclosures are attached hereto as Exhibit A. In the meet and confer process, Defendant's sole objection was the fact that its ACDV operators were not within the scope of Rule 30(b)(6) depositions because it believes, incorrectly, that its employees weren't party witnesses pursuant to Fed. R. Civ. P. 30(b)(1). Specifically, Defendant has maintained that its employees "are not a party or party representative witness, therefore [Plaintiffs] should issue a Rule 45 subpoena if [Plaintiffs] wish to depose them as fact witnesses." A true and accurate copy of this correspondence is attached hereto as Exhibit B.

Defendant has taken this position despite its knowledge that this Court has recently rejected this *precise* argument in *Berrios v. Experian Information Solutions, Inc.*, Case No. 1:11-cv-01130 (E.D. Va 2011) (Docket No. 69) (denying Flagstar Bank's motion for a protective order "requiring Plaintiff to issue subpoenas for the ACDV operators."). A true and accurate copy of Judge Davis's Order in *Berrios* is attached hereto as Exhibit C; and a true and accurate copy of Ms. Berrios's Memorandum in Support of her Motion to Compel is attached as Exhibit D. In *Berrios*, the Defendant argued that its ACDV operators that processed plaintiff's disputes could not be compelled to testify without a subpoena based on the same grounds as the Defendant in this action—that the ACDV operators were not corporate officers or managing agents. A true and accurate copy of the *Berrios* Defendant's Memorandum in Support of its Motion for Protective Order is attached hereto as Exhibit E. In rejecting this argument, Judge Davis stated that:

> "[ACDV operators] are exercising their judgment in regards to making a final determination based on company policies, that something should or should not or is or is not disputed. The Court has insufficient information in its possession to conclude that these individuals are managing agents. However,

what the Court is clear about is that there is sufficient case law that says when there is any doubt, that doubt is to be resolved in the fact, in the determination that they are. And that's where the Court at this point in time finds that there may be some doubt and, therefore… will conclude under these circumstances they may be defined as managing agents."

*Berrios* Motion to Compel Hearing 10:5-18, February 17, 2012. A copy of this transcript is attached hereto as Exhibit F. Similarly, the United States District Court for the District of Idaho also recently rejected Defendant's legal position[1] and concluded that the Plaintiff was permitted to depose the relevant Chilean employees regarding the handling and investigation of Plaintiff's disputes pursuant to the FCRA. *Calderon v. Experian Information Solutions, Inc.*, Case No. 1:11-cv-00386 (D. Idaho 2012). A true and accurate copy of the June 18, 2012 Order in the *Calderon* matter is attached hereto as Exhibit G.

## ARGUMENT

**1.     Defendants' employees are party witnesses.**

It is firmly established that employees are party-witnesses. *Lycos, Inc. v. TiVo, Inc.,* 499 F. Supp. 2d 685, 694 (E.D. Va. 2007)(citing *Samsung Elecs. Co. v. Rambus, Inc.,* 386 F.Supp.2d 708, 717 (E.D.Va. 2005) in deciding a venue motion, the court stated "the fact remains that employees of Lycos who have knowledge relevant to this action are located in Massachusetts. As these are party-witnesses, and it is not clear whether their credibility will be an important issue, the court declines to give substantial weight to the fact that it would be more convenient for them to testify in Massachusetts than in Virginia."). A party witness is a party itself "those closely aligned with a party." *Samsung Elecs. Co. v. Rambus, Inc.,* 386 F.Supp.2d at 718.  A non-party witness is not a party not closely aligned with a party, but an individual who may have

---

[1] It is important to note that this Court also expressed major concerns with Defendant's position in *Grizzard, Jr. v. MBNA America Bank,* Case No. 3:04-cv-625 (E.D. Va 2005). Specifically, when presented with a motion in limine to exclude evidence of investigations conducted outside the United States, Judge Williams stated "Plaintiff's motion in limine regarding certain evidence the defendants' seek to use is taken under advisement pending responses from defendants and the trial… and The Court has major concerns regarding Equifax putting regarding third party's investigations that take place outside the United States." Grizzard, Jr. Pretrial Phone Conference 8:2-10, January 31, 2005. A copy of a true and accurate transcript of the Pretrial Phone Conference is attached hereto as Exhibit H.

knowledge of a material fact relevant to a claim or defense. *Id.* A party's employee, as a matter of law, closely aligned with and under the direction of a party. *Id.* There is no reason to treat the employees of the Defendants in this case differently. *See also, Wilkes v. GMAC*, Civ. No. 1:10cv1160 CMH-TRJ (E.D.Va. June 1, 2011)(granting Plaintiff's Motion to Clarify that GMAC's low-level employees were party witnesses).

## 2. Defendant's employees are fact witnesses properly considered managing agents for purposes of Rule 30(b)(1).

In the Fed. R. Civ. P. 30(b)(1) context, the employees in this case process the Automated Consumer Dispute Verification requests, or ACDVs. Any doubt about whether the party witness is a managing agent is resolved in favor of the Plaintiff at this stage. *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. at 540. The ACDV operators are managing agents in under Fed. R. Civ. P. 30(b)(1) because they closely align themselves with the interest of the employer, which is the paramount question to resolve in determining whether an employee-witness is covered by the standards of Fed. R. Civ. P. 30(b)(1). *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 49 (E.D. Va. 2010)(reasoning that "courts are generally agreed, however, on the controlling factors used in deciding whether an individual is a managing agent of a corporation. These factors include: (1) whether the corporation has invested the person with discretion to exercise his judgment, (2) whether the employee can be depended upon to carry out the employer's directions, and (3) whether the individual can be expected to identify him or herself with the interests of the corporation as opposed to the interests of the adverse party."). The term "'managing agents' should not be given too literal an interpretation but rather should depend largely on whether the interests of the individual involved are identified with those of his principal and on the nature of his 'functions, responsibilities and authority * * *

*respecting the subject matter of the litigation.*'" *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96-97 (S.D.N.Y. 1968)(quoting *Kolb v. A. H. Bull Steamship Co.*, 31 F.R.D. 252, 254 (E.D.N.Y.1962)).

In this case, Defendant has produced no evidence that its employees do not identify themselves with the interests of their employers, that they would not carry out Defendant's directions or otherwise would fail to exercise discretion and judgment when handling the disputes of consumers in one of the most important personal financial transactions any consumer will ever make: obligating oneself on a mortgage. These ACDV operators - by virtue of their job titles - are expected to identify with the employer, they are not independent investigators who represent consumers in the dispute process, and thus they are subject to deposition by notice under Fed. R. Civ. P. 30(b)(1). *Felman Prod., Inc. v. Indus. Risk Insurers*, 3:09-CV-00481, 2010 WL 5110076 (S.D.W. Va. Dec. 9, 2010) (reviewing leading cases and finding them remarkably consistent).

There is no way that Defendant can pass the "red face test" and argue to this Court that the ACDV operators are other than entirely aligned with the interests of their employer. ACDV operators are *the* Defendant's employees in charge of investigating consumer disputes, following the training and guidance in Defendant's procedures and policies for processing consumer disputes. They are witness to the most relevant questions in this case: whether the investigation of the Plaintiff's dispute was reasonable. *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. at 96-97.

In *Tomingas*, the court found that two engineers sent to investigate an accident were managing agents for several reasons, including that they were the sole representatives to investigate the wreckage, they were expected to be closely aligned with the interest of their employer and could be expected to follow the direction of their employer. *Id.* The court

explained that the engineers were managing agents for the purpose of Rule 30(b)(1) for the purpose of giving testimony about the investigation, which was "a most relevant question" in the case. *Id. See also Carlson Wagonlit Travel, Inc. v. Invensys PLC*, 2003 U.S. Dist. LEXIS 7724 at *2 (D. Minn. Mar. 8, 2003) (witness is a "'managing agent' for the purposes of the instant litigation" because she had "significant authority in the disputed matter"); *Autexpo, S.P.A. v. Midas Int'l Corp.*, 1987 U.S. Dist. LEXIS 12774 at *1 (N.D. Ill. Dec. 8, 1987) (concluding that witness was a managing agent for a limited purpose). Like the engineers in *Tomingas*, the ACDV operators in this case are proper witnesses under Rule 30(b)(1) precisely because are able to give testimony regarding "a most relevant question" in the case. The court also held that its finding was not free from doubt, but where doubt existed it should be resolved in favor of the non-movant. *Id.*

The Defendant's bald assertion that the ACDV operators are not managing agents is absent any legal authority and contrary to the precise issued decided by this Court in *Berrios*. Moreover, it is doubtful that Defendant would allow Plaintiff's counsel to contact its employees or that it would allow them to be deposed without representation. The analysis and case law all point to one conclusion, the ACDV operators are not only party-witnesses, but also managing agents subject deposition by notice under Fed. R. Civ. P. 30(b)(1) and not Fed. R. Civ. P. 45.

Additionally, as a matter of practicality, under Fed. R. Civ. P. 37(c)(1), if Defendant refuses to disclose the identity of these employees under Fed. R. Civ. P. 26(a)(1) and refuses to produce them for deposition, then Rule 37 and fundamental fairness demands that Bank of America should be barred from introducing evidence of the reasonableness of any investigation it conducted to purported satisfy its FCRA obligations. Therefore, Plaintiffs request alternatively that the Court grant its Motion in Limine and prohibit Defendant from introducing evidence

supporting or opposing Plaintiffs' claim that Defendant failed to properly conduct an investigation pursuant to § 1681s-2(b).

## CONCLUSION

For these reasons, the Plaintiffs respectfully request the Court to grant their Motion to Compel and order Defendant to identify and produce its ACDV operators for depositions pursuant to Fed. R. Civ. P. 30(b)(1). In the alternative, Plaintiff respectfully requests the Court to grant their Motion in Limine and order that Defendant is prohibited from introducing evidence supporting or opposing Plaintiffs' claim that Defendant failed to properly conduct an investigation pursuant to § 1681s-2(b).

Respectfully submitted,
ADELINA AND MIGUEL ROCABRUNA


By _____/s/_____
                        Of Counsel

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB # 82170
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

Leonard A. Bennett, VSB # 37523
Susan M. Rotkis, VSB # 40693
CONSUMER LITIGATION ASSOC., P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed in the CM/ECF system, which shall electronically forward it to the following on this the 31st of August, 2012, as follows:

Anand Vijay Ramana
McGuire Woods, LLP
2001 K Street NW
Suite 400
Washington, DC 20006-1040
E-mail: aramana@mcguirewoods.com

Brian Emory Pumphrey
McGuireWoods LLP
901 E Cary St
Richmond, VA 23219-4030
Email: bpumphrey@mcguirewoods.com

_____/s/_____
Kristi C. Kelly, Esq.,
Virginia State Bar No. 72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
Email: kkelly@siplfirm.com
*Counsel for Plaintiffs*