## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

ADELINA C. ROCABRUNA &
MIGUEL A. ROCABRUNA,

                *Plaintiff*,

    v.                                                                        Civil Action No. 1:12-cv-00506 (LMB/TCB)

BANK OF AMERICA, N.A.,

                *Defendant*.

### DEFENDANT BANK OF AMERICA, N.A.'S MEMORANDUM
### IN OPPOSITION TO MOTION TO COMPEL
### AND CROSS-MOTION FOR PROTECTIVE ORDER

Defendant Bank of America, N.A. ("BOA"), by counsel, pursuant to this Court's July 23, 2012 Scheduling Order, Rule 7(F) of the Local Rules, and Rule 26(c) of the Federal Rules of Civil Procedure, submits this Opposition to the Motion to Compel, Or, In the Alternative, Motion in Limine ("Motion to Compel") filed by Plaintiffs Adelina C. Rocabruna and Miguel A. Rocabruna (collectively, "Plaintiffs" or the "Rocabrunas"). BOA also cross-moves for a protective order, to protect BOA from the burdensome discovery sought by Plaintiffs in their Motion to Compel.

### INTRODUCTION

Plaintiffs' Motion to Compel is an unwarranted attempt to force BOA's lower-level computer data entry employees, located in southern India, to give depositions that will neither provide nor lead to relevant information, but which will be time consuming and burdensome. These employees investigate credit disputes regarding several BOA customers every day, and have no specific recollections of their investigations into the Rocabrunas' credit disputes

1

performed over the last two years. Indeed, most of the Indian employees investigated the Rocabrunas' credit disputes only once (and none more than twice according to BOA records). Particularly at this juncture, these employees have no personal recollection of the Rocabrunas' specific matter. Nevertheless, Plaintiffs demand that they take the deposition of each Indian employee that entered data related to their credit disputes, which will require (1) obtaining the permission of the Indian Government to depose Indian citizens; and (2) requiring the overseas deponents to leave their normal duties and submit to a deposition in which their testimonies will essentially be, "I do not have any recollection of the Rocabrunas' credit dispute."

As set forth below, Plaintiffs' Motion to Compel is a veiled attempt to press BOA into a higher settlement by employing the discovery process as a means to cause BOA to expend extensive time and resources defending overseas depositions of no real value. The instant Motion to Compel lacks factual and legal support and should be denied.

## STATEMENT OF RELEVANT FACTS

BOA served written discovery on the Rocabrunas on August 14, 2012. In response to BOA's "ridiculous discovery requests," Plaintiffs' counsel asked BOA for dates to take the depositions of BOA's credit reporting data entry employees in India. *See, e.g.*, E-mail String Between counsel for BOA and Counsel for Plaintiffs, dated August 14-15, 2012, attached as **Exhibit 1**. These employees investigate and respond to computerized Automated Consumer Dispute Verification ("ACDV") forms that are forwarded to BOA from a credit reporting agency ("CRA") once the CRA receives a dispute from a consumer.

Counsel for BOA advised Plaintiff's counsel that deposing these lower-level Indian employees would not be productive, and offered a compromise procedure:

> We would be willing to put up a Rule 30(b)(6) witness and do our best to have
> that deposition occur on the dates you specified. Please let us know if you would

like to go this route and send us your list of deposition topics for your review.

*See, e.g.*, E-mail String Between counsel for BOA and Plaintiff's counsel, dated August 14-29, 2012, attached as **Exhibit 2**[1].  Unwilling to consider a compromise, counsel for the Rocabrunas demanded:

> Your dilemma is this: a. you produce or b. you agree that you cannot produce any evidence as to what BOA did or does in response to disputes.

*See* **Exhibit 2**.  In the same e-mail string, counsel stated "For settlement planning – our post trial fees totals have consistently topped $250k."  *See* Exhibit 2.

After further analyzing the issue, and given the time and costs (certainly thousands, if not tens of thousands of dollars) to fly counsel to India to prepare BOA's Indian employees for futile depositions when BOA offered a reasonable 30(b)(6) alternative, BOA again declined counsel for Plaintiffs' demand.  Without any other meet and confer, Plaintiffs filed the instant Motion to Compel.

Three days after filing the Motion to Compel, and inconsistently with the arguments made during the discussions of this dispute, the Rocabrunas stated for the first time that they would be willing to conduct the depositions by telephone and video.

## ARGUMENT

This Court should deny the Rocabrunas' Motion to Compel BOA to produce its Indian credit dispute verification employees for unproductive depositions, and, likewise, grant BOA's motion for protective order prohibiting (or at least limiting) the scope of those depositions.

**I.       This Court Should Deny Plaintiffs' Motion to Compel.**

Plaintiffs' contention that they are entitled to depose the Indian ACDV operators rests

---

[1]       Without explanation, Plaintiffs' counsel did not produce this entire e-mail string showing the full discussion of the depositions of the Indian employees, despite representing that it was a "true and accurate copy of this correspondence."  *See* Mem. in Support of Mot. to Compel at 3, Exh. B.

solely on their conclusion, *without any factual support*, that the operators are "managing agents." *See* Mem. in Support of Mot. to Compel at 4-7. The Rocabrunas' argument fails because the Indian ACDV operators are not "managing agents" that must be made available for deposition, but rather are non-party employees who can only be deposed where they reside, in conformance with Indian law. Similarly, the Rocabrunas' heavy reliance on the *Barrios* decision is misplaced, because that case is distinguishable, and does not stand for the proposition the Rocabrunas claim. Moreover, before BOA could voluntarily produce the ACDV employees for deposition as non-management fact witnesses for depositions in India, the Rocabrunas would need to procure the permission of the Indian Government.

### A.      The Indian ACDV Operators Are Not Managing or Party Witnesses.

The Federal Rules of Civil procedure permit an examining party to request that an organization select and produce a representative deponent "who is an officer, a director, or a managing agent of the entity;" alternatively, the examining party may select a particular officer, director, or managing agent for deposition and order the organization to produce that person." *See E.I. DuPont De Nemours & Co., v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48 (E.D. Va. 2010) (citation omitted). "If the specified person, however, is not an officer, director, or managing agent, then the examining party 'must resort to Fed. R. Civ. P. 45 for subpoenas on non-party witnesses.'" *See id.* (*citing In re Honda, Am. Motor Co.*, 168 F.R.D. 535, 540 (D. Md. 1996)). Here, the Indian ACDV data-entry operators are not BOA managing agents, and thus are only subject to deposition via a Rule 45 subpoena, <u>and</u> an accompanying letter rogatory to the Indian Government in conformity with the Hague Convention. *See In re Societe Nationale Industrielle Aerospatiale*, 782 F.2d 120, 125 (8th Cir. 1986).

**1.      The Indian ACDV Operators Are Not Managing Agents, And Their Depositions Are Governed By Rule 45.**

Simply stated, the Indian ACDV operators are not BOA management.  Accordingly, Plaintiffs are not entitled to take their depositions on mere notice.

This Court has synthesized several factors that are considered in making a case-specific determination of a person's managing agent status:

   (1) the discretionary authority vested in the person by the corporation;

   (2) the employee's dependability in following the employer's directions;

   (3) whether the individual is more likely to identify with the corporation or the adverse party in the litigation; and

   (4) the degree of supervisory authority in areas pertinent to the litigation.

*See E.I. DuPont De Nemours*, 268 F.R.D. at 48 (citation omitted).  Of these factors, the third – the employee's identity of interests with his employer as opposed to the opposing party – "is paramount." *See id.*  This Court resolves this issue on a case-by-case basis. *See id.*

In this case, all four factors weigh in favor of the conclusion that the Indian ACDV operators are not BOA management.

First, BOA gives the Indian ACDV operators *no discretionary authority*.  At their work stations in India, the ACDV operators receive an automated credit dispute reporting form. *See* Decl. of Sandra E. Evans ("Evans Decl."), attached as **Exhibit 3**, at ¶ 2.  Once an operator receives a dispute form, s/he conducts a reasonable investigation of the validity of the consumer's situation, by reviewing the credit reporting dispute, reviewing the payment history of the disputing party, and comparing the payment history and delinquencies to BOA's report to the Credit Reporting Agencies ("CRAs"). *See* Evans Decl. at ¶ 2.  Once an operator verifies that BOA correctly reported an account as delinquent by locating and matching the missed

payment(s), they verify the credit report by computer. *See* Evans Decl. at ¶ 2. While the ACDV operators certainly engage in factual review and analytical decisionmaking, they do not exercise policy-making or managerial/supervisory discretion in this process. *See* Evans Decl. at ¶ 2. The ACDV operators simply receive a dispute, investigate the accuracy of the credit reporting, and confirm that any derogatory credit report corresponds to a missed payment(s). *See* Evans Decl. at ¶ 2. In this case, and pursuant to the Rocabrunas' written discovery requests, BOA will produce all of the resulting ACDV forms completed by any ACDV who investigated the Rocabrunas' credit disputes in BOA's possession, custody, and control. Deposing each ACDV operator will add nothing to the records that BOA will produce.

Second, the ACDV operators' dependability is high, largely because of the repetitive nature of the tasks they perform. As the dependability results from the repeated investigation technique of matching a disputed credit report to a payment history, BOA can and does depend on the ACDV operators performing accurate work. *See* Evans Decl. at ¶ 3. Their dependability, however, is not related to their allegiance to a foreign (U.S.) bank, such as BOA, which is the primary rationale for this factor. *See* Evans Decl. at ¶ 3. If anything, it is a result of quality employees engaging in a repetitive – but thorough – investigation.

Third, and similarly, the Indian employees are not specifically more or less likely to meaningfully identify with BOA rather than the Rocabrunas. Certainly, any employee is more likely to identify with his employer more than an adversary of their employer. *See* Evans Decl. at ¶ 4. And these employees, admittedly have no prior relationship or loyalty to a defaulting overseas borrower. *See* Evans Decl. at ¶ 4. But given their duties and status with BOA, they are not so closely aligned with BOA as to be part of the corporate management, or to ignore the borrowers' documentary records. They are dependable employees working for an American

bank in a foreign country.  *See* Evans Decl. at ¶ 4.  They have almost no daily interaction with American management or other employees, and perform their tasks every work day.  *See* Evans Decl. at ¶ 4.  Thus, in this factual scenario, this third, "paramount" factor is essentially a nullity for this case.

Finally, the Indian ACDV employees are given no supervisory authority.  They are entry-level data verifiers who investigate and verify the accuracy of credit reportings.[2]  *See* Evans Decl. at ¶ 5.  ***None*** of the ACDV operators supervise any other employee.  *See* Evans Decl. at ¶ 5.  ***All*** of the ACDV operators are supervised by individuals located in the United States.  *See* Evans Decl. at ¶ 5.

The evidence is that the Indian employees that the Rocabrunas seek to depose are lower-level employees that investigate computerized information using other computerized information, and verify the accuracy of the reported information.  They are not BOA managing agents, or even supervisors.  Accordingly, subject to the dictates of the laws of their native country and the Federal Rules, the Rocabrunas may only depose the Indian ACDV operators through a Rule 45 subpoena because they are not "managing agents."

### 2.  *Barrios* is Inapplicable.

Plaintiffs rely heavily on *Barrios v. Experian Information Solns., Inc.*, Case No. 1:11-cv-01130 (E.D. Va. 2011), for the proposition that this Court has "rejected" the argument that ACDV operators are not "managing agents" for purposes of depositions.  *See* Mem. in Support at 3.  But Plaintiffs overstate the holding in *Barrios,* and, that decision is readily distinguishable from the facts in this case.

In *Barrios*, the defendant made the legal argument that BOA advances here in opposition

---

[2]     Notably, counsel for the Rocabrunas has admitted this at a hearing on this exact issue: "They [the ACDV operators] are the only individuals that process [the credit disputes].  They don't confer with other employees." *See* Mem. in Support of Mot. to Compel, Exh. F. 8:3-5.

to Plaintiff's Motion to Compel. Specifically, the defendant "argued" – in exactly one sentence – that ACDV operators were not "managing agents," but rather "representatives who work in [defendant's] Michigan headquarters." *See* Mem. in Support, Exh. E at 2-3. The defendant in *Barrios* did not provide an affidavit or declaration in support of its position, or even proffer any facts to buttress its contention, for the legal analysis that this Court must employ under the controlling authority of *E.I. DuPont De Nemours*, *In re: Outsidewall Tire Litig.*, or *Armsey* cases. The defendant simply made the unsupported conclusory statement that ACDV operators were not managing agents.

In fact, Judge Ivan Davis reflected on the fact that some low-level employees could not be "managing agents" because, for example, even "[a] janitor exercises his discretion whether or not he is going to mop the floors at 7 or 7:30." *See* Mem. in Support, Exh. F at 6:22-7:4. The Court then stated:

> The Court has insufficient information in its possession to conclude that these individuals are [not?] managing agents.

*See* Mem. in Support, Exh. F at 01:8-10. Based on the defendant's failure to provide factual support for its contention that the ACDV operators were not "managing agents," the Court correctly applied the rule that "[w]hen a person's managing agency status is debatable, 'courts in pretrial proceedings have resolved doubts under the standard in favor of the examining party.'" *See E.I. DuPont De Nemours & Co.*, 268 F.R.D. at 49

Thus, the Rocabrunas' heavy reliance on *Barrios* is misplaced for two reasons. First, *Barrios* does not stand for the legal proposition that ACDV operators are "managing agents". *Barrios* simply holds that where the objecting party fails to provide any evidence that its lower level employees were not "managing agents," the Court should resolve the issue in the examining party's favor. Judge Davis' opinion, however, recognized that there are factual

8

circumstances where an employee would not be a "managing agent." This case presents one of those circumstances.

Importantly, unlike the defendant in *Barrios*, BOA has provided detailed, uncontradicted evidence of the Indian ACDV operators' duties, and why they are not "managing agents. The absence of evidence drove the decision to compel depositions in *Barrios*; the unrefuted evidence sub judice compels the opposite conclusion here. *Barrios* does not govern this case, and this Court should deny the Motion to Compel accordingly.

**B.      Any Depositions of the ACDV Operators Must Occur in India, And Only After Permission of the Indian Government.**

As noted above, the ACDV operators are not "managing agents," and therefore may only be deposed pursuant to a Rule 45 subpoena. *See E.I. DuPont De Nemours*, 268 F.R.D. at 48 (*citing In re Honda, Am. Motor Co.*, 168 F.R.D. at 540). The Federal Rules further require their depositions be taken within 100 miles of each ACDV's residence. *See* FED. R. CIV. PROC. 45(c)(3). As the ACDV operators are located in India, they may only be deposed pursuant to Rule 28(b). *See* FED. R. CIV. PROC. 28(b). Under that Rule, a deposition of a non-party may only be taken in a foreign country under certain circumstances. *See id*.

Here, those requirements for deposing an Indian citizen are not wholly within BOA's control. The official United States State Department website indicates that

> Requests to take voluntary depositions should be modeled on the Hague Model Letter of Request and be submitted to the Indian Central Authority for the [Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters in force between the United States and India]. Depositions may also be taken of willing witnesses before U.S. Consular Officers with the prior permission of the [Indian] Central Authority, provided no compulsion is used.

*See* India Judicial Assistance, http://travel.state.gov/law/judicial/judicial_2811.html, last visited September 4, 2012, attached as **Exhibit 4**; *see also* Hague Convention on the Taking of Evidence

Abroad in Civil or Commercial Matters, March 18, 1970, arts. 2-3.   In other words, the

Rocabrunas need to obtain the permission of the Indian Government to take the depositions of

the Indian ACDV operators – even if BOA voluntarily produces them as non-managing fact

witnesses.   BOA will proffer the ACDV employees, subject to these Indian law requirements, if

this Court determines that their testimonies will provide relevant discoverable evidence that

Plaintiffs cannot obtain through less burdensome means.[3]   In short, even if this Court compels

the depositions of BOA's Indian ACDV employees, the Rocabrunas need to secure the prior

approval of the Indian Government for these depositions, a process BOA understands may take

up to one year.

**II.      This Court Should Deny Plaintiffs' Motion *in Limine*.**

In the alternative, if the Indian operators are not made available for depositions, (and

apparently regardless of why they are not), the Rocabrunas seek the severe sanction of excluding

the reasonableness of BOA's credit dispute investigations at trial.   *See* Mem in Support at 7-8.

That sanction is clearly not warranted.

> Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that
>
> If a party fails to provide information or identify a witness as required by Rule
> 26(a) or (e), the party is not allowed to use that information or witness to supply
> evidence on a motion, at a hearing, or at trial, unless the failure was substantially
> justified or harmless.

*See* Fed. R. Civ. Proc. 37(c)(1).   Here, BOA previously identified "BOA Credit Reporting

Employees" in its Rule 26(a)(1) disclosures.   *See* Mem in Support, Exh. A at 3 ¶ 9.   BOA is

currently gathering the names of all ACDV operators and has promised to provide them once

they are confirmed.   *See* **Exhibit 3** ("We are assembling the names of the Indian operators that

---

[3]      In determining foreign law, the court may consider any relevant material or source,
including testimony, whether or not submitted by a party or admissible under the Federal Rules
of Evidence.   *See* FED. R. CIV. P. 44.1.

worked on the Rocabrunas' account and will get you those names as soon as we have finalized the information."). Thus, even if this Court granted the Motion in Limine, the relief would be to exclude the Indian ACDV operators from testifying at trial.

This Court should not, however, exclude any evidence of the ACDV operations at trial. As noted above, the ACDV operators do not have independent recollections of the Rocabrunas' credit investigation. Accordingly, BOA has proffered, and continues to offer, the reasonable approach of providing a Rule 30(b)(6) witness on all relevant topics concerning the ACDV operators. *See* **Exhibit 3** ("We would be willing to put up a Rule 30(b)(6) witness and do our best to have that deposition occur on the dates you specified.").[4] Thus, counsel for the Rocabrunas has an opportunity to discover facts actually relevant to ACDV operations, investigations of credit disputes, and completion of the documents related to ACDV investigations. This is particularly reasonable given the location of the ACDV operators, and Indian law's restrictions on depositions, which pose a significant problem to completing these depositions within the current discovery timeline.

BOA is not attempting to obstruct Plaintiffs' access to relevant information, and has repeatedly attempted to compromise with counsel so the Rocabrunas may complete legitimate discovery within the time frame established by the Court. At no time has BOA stated that the Rocabrunas are not entitled to any information related to ACDV operators and credit reporting information. But the Rocabrunas' Motion seeks burdensome, unnecessary depositions or, alternatively, improper restrictions on BOA's evidentiary presentation at trial. The Motion should be denied, or limited to precluding the Indian ACDV operators from testifying at trial – but not excluding all evidence of ACDV operators, their investigations, or their documents.

---

[4] Indeed, the Rocabrunas served a deposition notice pursuant to Rule 30(b)(6) on August 31.

### III.     This Court Should Grant BOA's Motion for Protective Order.

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a burdened party to move to protect itself from certain undue or unfair discovery.  Specifically, this Court has the authority to either (1) forbid the discovery, or (2) specify terms, including time and place, limiting the discovery.  *See* Fed. R. Civ. P. 26(c)(1)(A), (B).  This Court should grant BOA's cross-motion for a protective order in one of three possible options.

First, and for the reasons stated above, this Court should prohibit the Rocabrunas from taking the depositions of BOA's Indian ACDV employees, absent issuance of a Rule 45 subpoena, and compliance with Indian law

Second, if the Court is not willing to bar the depositions,, it should temporarily prohibit the Rocabrunas from taking the depositions pending a hearing on the accuracy of the credit reporting.  Under prevailing law, a plaintiff may only maintain an FCRA claim if the reporting is "patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.  *See Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (citation and quotation omitted).  BOA believes its records indicate that the credit reporting in this case was accurate and not misleading.  BOA should not endure extensive and expensive discovery when the Rocabrunas' FCRA case appears to suffer from a fatal deficiency: BOA correctly reported the Rocabrunas' delinquent mortgage account.  Accordingly, this Court should temporarily stay the Indian depositions pending the outcome of a dispositive "accuracy" hearing.

Finally, this Court should deny the Motion to Compel BOA to produce Indian employees for deposition, but permit BOA to designate a Rule 30(b)(6) witness on all relevant topics concerning the ACDV operators.  Indeed, this was BOA's proposed resolution at the outset of

this dispute.

## CONCLUSION

For the foregoing reasons, this Court should (1) DENY Plaintiffs' Motion to Compel; (2)

GRANT BOA's Motion for Protective Order; and (3) AWARD BOA its costs and attorneys'

fees in defending Plaintiffs' Motion, as well as any other relief it deems just and proper.

Dated: September 5, 2012                        Respectfully submitted,

**BANK OF AMERICA, N.A.**

\_\_\_\_/s/_____
Brian E. Pumphrey (VSB No. 47312)
MCGUIREWOODS LLP
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-7745
Fax: (804) 698-2018
Email: bpumphrey@mcguirewoods.com

Anand V. Ramana (VSB No. 65852)
2001 K Street, NW, Suite 400
Washington, DC 20006
Tel:  (202) 857-1734
Fax:  (202) 828-2973
Email: aramana@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th of September, 2012, I served the foregoing Offer of Judgment on the following persons via electronic mail and U.S. first-class mail, postage prepaid:

Leonard Anthony Bennett
Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Dr
Suite 200
Fairfax, VA 22030
703-277-9774
Fax: 703-591-9285
Email: kkelly@siplfirm.com

          /s/

Anand V. Ramana (VSB No. 65852)
**MCGUIREWOODS LLP**
2001 K Street, N.W.
Suite 400
Washington, DC  20006
Tel:   (202) 857-1734
Fax:  (202) 828-2973
Email:  aramana@mcguirewoods.com
*Counsel for Bank of America, N.A.*
