IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADELINA C. ROCABRUNA & MIGUEL A. ROCABRUNA, <br><br> *Plaintiff*, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> *Defendant.* | Civil Action No. 1:12-cv-00506 (LMB/TCB) |

## DECLARATION OF SANDRA E. EVANS

I, Sandra E. Evans having been duly sworn, state that I am over 18 years old, of sound mind, have never been convicted of a felony, and am fully competent to make this declaration:

1. I am an Assistant Vice President at Bank of America, N.A., the defendant in this action. I have personal knowledge regarding BOA's credit reporting department, policies, and procedures, which includes the location, job description, job performance, management, and review of BOA's Automated Credit Dispute Verification ("ACDV") employees working in India. I am making this Declaration in support of Defendant BOA's Opposition to Motion to Compel and Motion in Limine, as well as BOA's Motion for Protective Order filed in the above-captioned action.

2. At their cubicles in India, the ACDV operators receive an automated credit dispute reporting form. Once an operator receives a dispute form, s/he conducts a reasonable investigation of the validity of the consumer's credit dispute by reviewing the credit reporting dispute, reviewing the payment history of the disputing party, and comparing the payment history and delinquencies to BOA's report to the CRAs. Once an operator verifies that BOA

1

correctly reported an account as delinquent by locating and matching the missed payment(s), they verify the credit report by computer. While the ACDV operators certainly engage in intelligent decisionmaking, they in no way exercise policy-making or managerial/supervisory discretion in this process. The ACDV operators simply receive a dispute, diligently investigate the accuracy of the credit reporting, and confirm that any derogatory credit report corresponds to a missed payment(s).

3. While the ACDV operators' dependability is high, it is only because their tasks are so repetitive. The dependability results from the repeated investigation technique of matching a disputed credit report to a payment history, so BOA can and does depend on the Indian ACDV operators doing accurate work. Their dependability, however, is not necessarily related to some allegiance to a foreign (U.S.) bank like BOA.

4. Similarly, the Indian employees are not more or less likely to meaningfully identify with BOA rather than the Rocabrunas. Clearly, any employee will likely identify with his employer more than an adversary of their employer. These Indian employees, however, likely have no meaningful loyalty to a defaulting borrower living outside their means. They are dependable employees working for an American bank in a developing country. They have almost no daily interaction with American management (or other) employees, and simply perform their tasks every work day.

5. The Indian ACDV employees are given absolutely no supervisory authority. They are entry-level data verifiers that sit before computers all day investigating and verifying the accuracy of credit reporting. *None* of the ACDV operators supervise any other employee. *All* of the ACDV operators are supervised by individuals located in the United States.

6. BOA's principal place of business is in North Carolina.

7. There appear to be approximately 7-9 Indian ACDV operators – none of whom likely recall any personal knowledge of the Rocabrunas – that would need to obtain visas, travel from Hyderbad, India, to the United States (which is a 25-30 hour trip), and, over a period of days, be deposed. The expense to BOA is likely to exceed tens of thousands of dollars for depositions that will reveal nothing. The burden on BOA is clearly undue.

8. The ACDV operators do not travel to the United States at all. Their jobs only require them to travel to the data-entry centers in India. None of the Indian ACDV employees have been to the United States for business travel.

FURTHER THE DECLARANT SAYETH NOT.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Executed this 5th day of September, 2012.

_Sandra E. Evans_
Sandra E. Evans

STATE OF CALIFORNIA:

CITY OF Westlake Village

The foregoing instrument was acknowledged before me this 5th day of September, 2012, by [NAME]. Sandra E. Evans.

_Leslie Johnson_
Notary Public

My Commission Expires: 7/25/14

LESLIE JOHNSON
COMM. # 1896898
NOTARY PUBLIC • CALIFORNIA
VENTURA COUNTY
My Commission Expires
July 25, 2014

3