**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Civil Division**

| | |
|---|---|
| **ADELINA C. ROCABRUNA, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No.: 1:12-cv-506-LMB/TCB** |
| | ) |
| **BANK OF AMERICA, N.A.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR RULE 37(c)(1) SANCTIONS**

COME NOW the Plaintiffs, by counsel, and in support of their Rule 37(c) motion for sanctions against Defendant Bank of America, N.A. ("BOA" or "Defendant"), they supply the following memorandum of law. Plaintiffs are entitled to an order excluding any evidence that Defendant  may seek to introduce on a motion, at a hearing or at trial, that has not been previously disclosed pursuant to Rules 26(a)(1) and 26(e).

Plaintiffs certify pursuant to Local Rule 37 that for more than one month, they have attempted to meet and confer with Defendant by phone and in writing to resolve all issues raised herein.

**OVERVIEW**

This is a Fair Credit Reporting Act (FCRA) case prosecuted by the Rocabrunas against BOA pursuant to 15 USC 1681s-2(b) based upon BOA's failure to conduct the detailed, substantive investigation of the Plaintiffs' dispute required by the Fourth Circuit's seminal case, *Johnson v. MBNA America Bank, NA*, 357 F.3d 426, 430-31 (4th Cir. 2004)(holding that "the plain meaning of 'investigation' clearly requires some degree of careful inquiry by creditors,"

that it be "a searching inquiry," not just "superficial, *un* reasonable inquiries by creditors.")(emphasis in original).

Plaintiffs allege, based upon their testimony, bank and account records, an expert opinion and even tape-recorded admissions of BOA employees, that the Bank has misapplied their payments to a stranger's account, failed to account for payments made and even refused to cash and accept payments submitted.  And then, after Mr. and Mrs. Rocabruna made multiple attempts to obtain correction of BOA's credit reporting inaccuracies, BOA systematically ignored its FCRA obligations to conduct a meaningful investigation and instead used likely low-wage employees in India to quickly reject the Plaintiffs' FCRA disputes.

BOA, of course, still disagrees.  It contends that it accurately reported the disputed account.  It contends that its Indian FCRA investigation procedures were appropriate.  And it contends that such procedures did not willfully violate the FCRA.  But that position is why this case is litigated.  These disputes are the reason the Plaintiffs have sought to discover the basis for BOA's denials and evidence to assist in proving their case.

Yet, despite the exchange of Rule 26(a)(1) disclosures (including Plaintiffs' multiple supplemental disclosures), the service of Plaintiffs' written discovery and Plaintiffs' now extraordinary efforts attempting to obtain depositions of BOA witnesses, BOA and its counsel have refused to comply with their discovery obligations - the obligations mandated by the Federal Rules of Civil Procedure and this Court's Orders.  BOA's noncompliance has harmed and prejudiced the Plaintiffs.  Accordingly, Plaintiffs now move the Court pursuant to Rule 37(c)(1), to prohibit BOA from attempting to introduce any evidence or argument that it has not—even at this late stage – ever disclosed.

Plaintiff moves the court to impose the sanction of exclusion that is automatically

available under Fed. R. Civ. P. 37(c)(1) when a party fails to disclose or produce information

during the discovery period. Specifically, Plaintiff respectfully requests that the Court exclude

from Defendant's use in any motion or at trial (a.) any witness or document not disclosed in its

original mandatory disclosures under Fed. R. Civ. P. 26(a)(1); (b.) any document not produced or

not disclosed pursuant to Rule 26(e), including any supplemental mandatory disclosures, or not

produced as supplemental disclosures in response to Plaintiffs' request for production.

## I.     BOA HAS FAILED TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

### A.  Rule 26(a)(1) Disclosures

This case was filed on May 7, 2012. (Docket #1). Pursuant to this Court's July 5, 2012

Order, the parties met and conferred via telephone on July 16, 2012, for a Rule 26(f) planning

conference. The parties submitted a report of their Joint Discovery Plan on July 18, 2012

(Docket #21). On July 23, 2012, the Court approved the Joint Discovery Plan filed by the parties.

(Docket #24).   The Joint Discovery Plan states:

> The parties agree to furnish their Rule 26(a)(1) initial disclosures by <u>August 6, 2012</u>, ***and agree to promptly supplement their disclosures as the case may be.*** (emphasis added)
> …
>
> The parties agree to conduct discovery on all discoverable subjects related to the issues raised in the Complaint and Answer. Discovery will not be conducted in phases. ***The parties are not aware of any facts at this time that would require a change in limitations on discovery imposed under the Federal Rules of Civil Procedure or the Court's local rules or orders***, and further acknowledge this Court's discovery completion date of <u>October 12, 2012</u>[1], and final pretrial conference date of <u>October 18, 2012</u>. (emphasis added)

---

[1] The parties filed a Consent Motion for Extension of Time to Enlarge Expert Witness Dates on September 7, 2012. (Docket #31). The Court granted this motion and extended the discovery cutoff to October 18, 2012. (Docket #34).

On August 6, 2012, the parties exchanged their Rule 26(a)(1) initial disclosures. The Plaintiffs identified seventeen individuals likely to have discoverable information and produced over 300 pages of documents to the Defendant. Since that time, the Plaintiffs have supplemented their initial disclosures three separate times to indentify documents and individuals with discoverable information. The Defendant identified four individuals likely to have discoverable information- two of whom were the named Plaintiffs. Ex. 1.  The other two individuals were Janet Cleversy and Edmond Bouchane. Defendant identified several "categories of individuals" *within its own organizational structure* who may have discoverable information. They go on to disclaim:

> Discovery in this action has only recently commenced, and evaluation of the facts is ongoing. Pending further development of the facts, BOA identifies by reference the following additional categories of individuals: (1) BOA's Loan Modification Representatives; (2) BOA's Loan Counseling Center Employees; (3) BOA's Payment Processing Division Employees; (4) BOA's Credit Reporting Employees…

Ex. 1.  This is a blatant violation of Rule 26(a)(1)(i), which requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses…." *See* Fed. R. Civ. P. 26(a)(1)(i).

The Defendant disclosed the following documents, but did not produce a single document with its mandatory disclosures[2]:

---

[2] At approximately 3:49 p.m. on September 28, 2012, just prior to to filing this motion, the Defendant sent a supplemental disclosure of documents by email, which supplement consisted of six pages containing an October 2011 dispute from the Plaintiffs and a response by BOA.

(B)   The following categories of documents are in BOA's possession, custody, and control and may be used by BOA to refute Plaintiffs' claims or support BOA's defenses in this action:

1.   Documents, including e-mails, relating to Plaintiffs' loan payment history and account status;

2.   Documents, including e-mails, relating to Plaintiffs' loan modification history;

3.   Documents, including e-mails, relating to the account servicing files for Plaintiffs' mortgage account, including, but not limited to, records of telephone communications or attempted communications with Plaintiffs;

4.   Documents, including e-mails, relating to credit reporting of Plaintiffs' mortgage payment history;

5.   Documents, including e-mails, relating to Plaintiffs' credit reporting disputes;

6.   Documents, including e-mails, relating to Plaintiffs' QWRs;

7.   Any documents identified by any other party in their Rule 26(a)(1) disclosures, produced by any person during discovery, or any documents used by any party at trial.

All relevant documents that are kept online in the normal course of business at BOA. BOA will produce to Plaintiffs all discoverable documents upon Plaintiffs' proper requests.

Despite the Plaintiffs' request, the Defendant did not supply the documents that it identified in the mandatory disclosure, thus preventing the Plaintiffs from identifying individuals and information relevant to the claims and defenses.

### B.  <u>Witness Depositions</u>

Plaintiffs have made numerous attempts to take the depositions of Defendant and its employees having knowledge of the facts in this case.  BOA has either explicitly refused to provide its employees for attendance at a deposition or has demanded that Plaintiffs wait until the very end of discovery to take a single deposition of a single fact witness.  In fact, BOA has even refused to produce Ms. Cleversy, one of the only two individuals disclosed as fact-witness employees pursuant to Rule 26(a)(1).[3]

Defendant informally disclosed Sandra Evans, who is its standard litigation witness, to the Plaintiffs when BOA submitted Ms. Evans' Declaration to the Court as an exhibit to its Opposition to Plaintiffs Motion to Compel. (Docket #30).  In correspondence dated September 11, 2012, the Plaintiffs requested to depose Ms. Cleversy and Ms. Evans the week of September 24th or October 1st and were told by Mr. Pumphrey that he "will discuss this with my client and get back to you." Ex. 2.

In response to Plaintiffs' repeated requests to take Ms. Cleversy's deposition, on September 21, 2012, the Defendant supplemented their initial disclosures to *remove* Ms. Cleversy and substitute Ms. Evans in her place. Ex. 3.  Defendant now claims that Ms. Cleversy no longer possesses knowledge of any facts in this case, even though Defendant's original disclosures indicated Ms. Cleversy was "familiar with Plaintiff's credit report dispute and reporting history, Plaintiff's payment history and loan applications, and other facts related to the facts of this case." Ex. 1. Defendant now claims it will move for a protective order if Plaintiffs seek to depose Ms. Cleversy. Ex. 4, email of 9/21/2012 from Ramana.

Defendant did not disclose or supplement any other information.

---

[3] Plaintiffs are filing a separate motion to compel depositions of fact and corporate designee witnesses.  On the one hand, the Plaintiff is entitled to obtain testimony from fact and corporate witnesses, the Defendant should be prohibited from identifying witnesses about whom it has knowledge but has failed to disclose.

The Defendant's related misconduct in responding to written discovery and attending noticed depositions magnifies the harm caused by its minimal Rule 26(a)(1) disclosure. Plaintiffs have noticed the depositions of fact witnesses: the actual BOA employees who conducted the so-called investigations at issue in this case. Ex. 5.   Defendant refused not only to produce employees with such fact-specific knowledge for depositions, it also refused to identify these fact witnesses by name, address and telephone number in contravention of Rule 26(a)(1)(i).

Defendant's discovery abuse is only amplified by the fact that it supplemented its Initial Disclosures on September 21, 2012, without updating the above-referenced provision of its original Initial Disclosures. Instead, Defendant once again stated "[d]iscovery in this action has only recently commenced, and evaluation of the facts is ongoing," and only provided the same "categories of individuals" with less than four weeks until the discovery cut-off.   Ex. 3.

## II.      Rule 37(c)(1) Authorizes the Automatic Exclusion of Evidence

Aside from the various sanctions remedies provided by Rules 26, 37(a), and 37(b), the Defendant is also subject to the automatic exclusion sanction under Rule 37(c)(1).  Defendant cannot be permitted to use documents and evidence that it has refused to disclose and provide pursuant to Rule 26(a)(1) and Rule 26(e). Unlike conventional discovery, a party's disclosure obligations are "self-executing."  If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion. Fed. R. Civ. P. 37(c).  *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification).  Rule 37(c)(1) provides in pertinent part

> *Failure to Disclose, to Supplement an Earlier Response, or to Admit.* – (1) Failure to Disclose or Supplement.  If a party fails to provide information or to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion,

> at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion or after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, cause by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Exclusion of evidence is the only appropriate remedy for a party's complete failure to disclose it, "[Rule] 37(c)(1) 'provides that a party who fails to [provide information or] identify a witness as required by Rule 26(a) or (e) is not allowed to use that [information or] witness to supply evidence on a motion.'" *Bland v. Fairfax County, Va.*, 1:10CV1030 JCC/JFA, 2011 WL 1660630 (E.D. Va. May 3, 2011)(quoting *Hoyle v. Freightliner, LLC,* 650 F.3d 321 (4th Cir. 2011).  This is consistent with the Advisory Committee notes to the 1993 Amendment of Fed. R. Civ. P. 37(c), which explains:

> Subdivision (c). The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.

The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3.  Neither of these limited exceptions applies in this case.  Experienced counsel has no safe harbor, where even "counsel's lack of familiarity with the Federal Rules is not an excuse sufficient to stave off the harsh sanction of Rule 37." *Campbell v. United States*, 3:10-CV-363, 2011 WL 588344 (E.D. Va. Feb. 8, 2011).

The Advisory Committee Notes offer examples under which these conditions might apply, which courts have consistently done since their adoption. *See e.g. Scott v. GMAC Mortgage, LLC*, Civ. No. 10CV24-NKM (W.D.Va. April 14, 2011)(the court found GMAC's conduct to be egregious and accordingly ordered sanctions for failure to timely comply with discovery, including the sanction of entry of default and award of attorney fees.) They include instances in which the omission was limited, for a witness otherwise known to both parties, or when the negligent party was a *pro se* litigant.  *Id.; accord Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3-4.

One of the cases which is most frequently cited on this issue, even outside this District and Circuit, is *Rambus, Inc. v. Infineon Tech. AG,* 145 F. Supp.2d 721 (E.D. Va. 2001)(Payne, J.).  In the Court's detailed analysis of the appropriate standard and remedy under Rule 37(c), the Court considered the severity of the exclusion remedy and determined the standard by which the remedy should be enforced. The Court applied the *Burlington Insurance* test to consider the following five factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony. 145 F. Supp.2d at 726, 727-734. Importantly, there is no "bad faith" element, and even an innocent omission cannot constitute "substantial justification."  *Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d at 596; *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. As Judge Payne explained in *Rambus*,

> [T]he plain language of the rule contains no requirement for bad faith or callous disregard of the discovery rules.  In fact, the rule is rather harsh in that it automatically imposes the preclusion sanction unless the non-complying party can show that there is substantial justification for the failure to make the disclosure, and that the failure was harmless.

145 F. Supp.2d at 727.

There can be no doubt that the Plaintiff has been prejudiced by the Defendant's failure to comply with its discovery obligations.   *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. Discovery closes in twenty days and the Defendant has not cooperated one bit, but instead engaged in the type of gamesmanship prohibited by the Federal Rules. The Defendant has the same obligation as all parties to litigation in this court: to proceed without gamesmanship in the conduct of discovery. They must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 220-21 (N.D.W. Va. 2007)(citing *Hansel v. Shell Oil Corp.,* 169 F.R.D. 303, 305 (E.D.Pa.1996)). Gamesmanship to evade answering as required is not allowed. *Id.*

Without substantial justification for the failure to disclose information required under Rule 26(a), a party is automatically excluded from using that information at trial. *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d at 724.  A party invoking Rule 37(c)(1) sanctions must demonstrate that the offending party failed "to disclose the evidence in question earlier in the proceedings." *Id.* at 724, n.4 (citing 7 MOORE'S FEDERAL PRACTICE § 37.60[2][a] (Matthew Bender 3d ed.)).  If this is accomplished, the offending party can avoid sanctions by showing a substantial justification for the failure to disclose.  *Id.*

Defendant's failure in this instance is neither substantially justified nor harmless for a number of reasons. First, Plaintiffs filed this Complaint on May 7, 2012, giving Defendant over four months to locate and identify its own employees with discoverable information. Second, Defendant has been the subject of numerous FCRA cases in this District and throughout the United States and should be able to easily identify employees within its "categories of individuals" almost immediately. Finally, Defendant did not produce a single document with its

Rule 26(a)(1) disclosures making it impossible for Plaintiffs to identify the names of any of its employees that may have discoverable information. Despite the passage of four months since filing, and that the discovery cut-off is in than 20 days, the Defendants have not made a single meaningful supplementation under Rule 26(e).

### Conclusion

Defendant's discovery abuse has entirely obstructed Plaintiffs ability to obtain information to which they are entitled under the discovery rules. Defendant should not be able to now identify its own employees or documents to support its defenses when it has been in possession of the identity of these individuals and documents since the inception of the case. Accordingly, Plaintiffs respectfully request that the Court prohibit Defendant from using any undisclosed witness or document in support of its defense pursuant to Rule 37(c)(1).

Respectfully submitted,
ADELINA AND MIGUEL ROCABRUNA

By _____/s/_____
                        Of Counsel

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB # 82170
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: (703) 277-9774
Facsimile: (703) 591-9285
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

Leonard A. Bennett, VSB # 37523
Susan M. Rotkis, VSB # 40693
CONSUMER LITIGATION ASSOC., P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia 23601
Telephone: (757) 930-3660

Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com
*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document

has been filed in the CM/ECF system, which shall electronically forward it to the following on

this 28th of September, 2012, as follows:


Anand Vijay Ramana                        Brian Emory Pumphrey
McGuire Woods, LLP                       McGuireWoods LLP
2001 K Street NW                         901 E Cary St
Suite 400                                Richmond, VA 23219-4030
Washington, DC 20006-1040                Email: bpumphrey@mcguirewoods.com
E-mail: aramana@mcguirewoods.com


 

 
                                                          _____
Susan M. Rotkis, VSB # 40693
CONSUMER LITIGATION ASSOC., P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia 23601
Email: srotkis@clalegal.com
*Counsel for Plaintiffs*