IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ADELINA C. ROCABRUNA and
MIGUEL A. ROCABRUNA,

        Plaintiffs,

v.                           Civil Action No: 1:12-cv-00506-LMB-TCB

BANK OF AMERICA, N.A.,

        Defendants.

### NOTICE OF 30(b)(6) DEPOSITION

TAKE NOTICE that on the 18th day of September 2012, at 1:00 p.m., and continuing until completed, in the law offices of McGuire Woods LLP, 901 East Cary Street, Richmond, VA 23219, Plaintiffs, through their attorney, before a duly authorized Notary Public, will proceed to take the video deposition of the corporate designee of the Defendant, BANK OF AMERICA, N.A., ("*Bank of America*") pursuant to Fed. R. Civ. P. 30(b)(6), the Plaintiff identifies the following topics on which examination will take place:

1.    The history and corporate structure of Defendant *Bank of America*.

2.    The styles, number, allegations and outcome of consumer lawsuits filed against *Bank of America* by other consumers during the last five years in which the consumer alleged that WACHOVIA violated 15 U.S.C. § 1681s-2(b).

3.    The manner in which *Bank of America* informed itself of its obligations to comply with 15 U.S.C. § 1681s-2(b).

4.    *Bank of America*'s knowledge and understanding of its obligations under 15 U.S.C. § 1681s-2(b) and how it obtained such understanding.

1



5. ***Bank of America*'s** knowledge and understanding of the Fourth Circuit's explanation of a furnisher's duties under 15 U.S.C. § 1681s-2(b) under the *Johnson v. MBNA* and *Saunders v. BB & T* decisions and how it obtained such understanding.

6. All actions, steps, procedures and systems that ***Bank of America*** claims existed at Defendant's company to ensure that it fully understood and also complied with its duties under 15 U.S.C. § 1681s-2(b) since 2008.

7. ***Bank of America*'s** knowledge of the requirements of the FCRA since 2008.

8. ***Bank of America*'s** knowledge of the reporting requirements for the CDIA's Metro II format.

9. All facts regarding the history of the disputed ***Bank of America*** mortgage account, all contacts with any person and regarding the account, and all documents regarding the account.

10. The credit reporting of the Plaintiffs' account that ***Bank of America*** forwarded to the Credit Reporting Agencies since December 2009.

11. The full process, procedure and details of any audits made of the work of ***Bank of America*'s** employees who processed the ACDV disputes in this case.

12. ***Bank of America*'s** actual knowledge of each communication to which it was a party regarding the Plaintiffs, the Plaintiffs' credit reporting disputes and or the ***Bank of America*** mortgage account that is the subject of this litigation.

13. The method manner and terms of compensation for each ***Bank of America*** employee or ex-employee who did participate in the investigation of the Plaintiff's credit reporting disputes.

14. The meaning, content and or decoding of the ***Bank of America*'s** records regarding the Plaintiff or the ***Bank of America*** mortgage account at issue in this case, including but not limited to: ACDVs; any account database screens; and ***Bank of America*'s** archived investigation records.

15. ***Bank of America*'s** policies and or procedures for conducting investigations of consumer credit report disputes received through the consumer reporting agencies, including all details as to who conducts such disputes, the guidelines by which such disputes would be completed, all documents and records or other information considered in such investigation.

16. ***Bank of America*'s** best estimate of the expense and cost of each ACDV investigation to it for each ACDV dispute received regarding each of the Plaintiffs.

17. Everything that was done regarding the Plaintiffs' disputes made pursuant to 15 U.S.C. §§1681i and 1681s-2(b), including all dates of communications or actions, all documents considered, all persons involved, the locations of all such actions, all steps taken to investigate or

2

verify the subject accounts and all audits or reviews by or for *Bank of America* of these actions or events.

18. *Bank of America*'s knowledge regarding the impact of a tradeline with a CCC filed value of XB on a consumer's credit score.

19. The substance of Defendant's e-Oscar scorecard for each month since January 1, 2010.

20. All evidence, documents and proof evaluated or considered by *Bank of America* in its decision to verify the account as accurately reported in response to the Plaintiffs' credit reporting disputes (i.e. the ACDV disputes).

21. All information in the Plaintiff's credit report that *Bank of America* now admits was inaccurate.

22. All information that *Bank of America* sent to the national credit reporting agencies that it now admits was inaccurate.

23. The names and addresses of the person(s) at *Bank of America* who were responsible for creating and drafting the ACDV dispute procedures followed by *Bank of America* in this case.

24. The full background and process by which *Bank of America* created and drafted the ACDV dispute procedures followed by *Bank of America* in this case.

25.. Every action taken (or not taken) by *Bank of America* in regard to the Plaintiffs that was not as *Bank of America* intended.

33. Every mistake that you now admit your company made with regard to the Plaintiffs and/or the disputed *Bank of America* loan.

                                                Respectfully submitted,

                                                ADELINA C. ROCABRUNA and
                                                MIGUEL A. ROCABRUNA,

                                                By _____
                                                        *Of Counsel*

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A

Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Susan Rotkis, Esq. VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

Kristi Cahoon Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail: kkelly@siplfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on or about August 31, 2012, a true and correct copy of the foregoing was forwarded by first class mail to the following counsel of record:

Anand Vijay Ramana
McGuire Woods, LLP
2001 K Street NW
Suite 400
Washington, DC 20006-1040
E-mail: aramana@mcguirewoods.com

Catherine Paige Bobick
McGuire Woods, LLP
310 4th St NE, Suite 300
P.O. Box 1288
Charlottesville, VA 22902
E-mail: pbobick@mcguirewoods.com

Brian Emory Pumphrey
McGuireWoods LLP
901 E Cary St
Richmond, VA 23219-4030

4

Email: bpumphrey@mcguirewoods.com

_____
*Of Counsel*

5