**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

ADELINA C. ROCABRUNA &
MIGUEL A. ROCABRUNA,

*Plaintiff,*

v.

BANK OF AMERICA, N.A.,

*Defendant.*

Civil Action No. 1:12-cv-00506 (LMB/TCB)

**DEFENDANT BANK OF AMERICA, N.A.'S OBJECTIONS TO PLAINTIFFS' RULE 30(b)(6) NOTICE**

Defendant Bank of America, N.A. ("BOA"), by counsel and pursuant to Local Rule 26(C), hereby notes the following objections to the Rule 30(b)(6) Notice ("Notice") served on BOA by Plaintiffs Adelina C. Rocabruna and Miguel A. Rocabruna in the above-captioned matter.

**GENERAL OBJECTIONS**

BOA objects to the deposition date of September 18, 2012 because that date was not cleared by BOA prior to the Notice. BOA understands that, by agreement of Plaintiffs' counsel, that date will be moved to a date after September 25, 2012.

Moreover, BOA objects to the Notice topics to the extent that Plaintiffs seek information that is protected by the attorney-client privilege, work product doctrine, joint defense privilege, and/or common interest doctrine. BOA will note specific objections to any such matters at the appropriate time.

Finally, BOA objects to the Notice topics to the extent that the answers can be derived





from documents requested and produced by BOA in this lawsuit.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPICS

**TOPIC NO. 1:** The history and corporate structure of Defendant Bank of America.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence because the history and corporate structure of BOA has nothing to do with the Plaintiffs' payment history or credit reporting dispute. Subject to this objection, BOA will be prepared to answer questions about the corporate structure of BOA as it reasonably relates to the legal and factual issues before the Court in this case.

**TOPIC NO. 2:** The styles, number, allegations and outcome of consumer lawsuits filed against Bank of America by other consumers during the last five years in which the consumer alleged that WACHOVIA violated 15 U.S.C. § 1681s-2(b)

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence because Wachovia's alleged violations have nothing to do with Plaintiffs, and because nothing in any other lawsuit has any bearing on the legal or factual issues before the Court in this case.

**TOPIC NO. 3:** The manner in which Bank of America informed itself of its obligations to comply with 15 U.S.C. § 1681s-2(b).

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence because the manner that

BOA learned of its obligations has nothing to do with whether BOA satisfied its obligations. BOA also objects to this Notice topic to the extent it calls for testimony protected by the attorney-client privilege or work product doctrine. Subject to these objections, BOA will be prepared to answer questions about its understanding of, and conduct it performs to satisfy, its FCRA obligations only as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 4:** Bank of America's knowledge and understanding of its obligations under 15 U.S.C. § 1681s-2(b) and how it obtained such understanding.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence because BOA's knowledge and understanding of its obligations has nothing to do with whether BOA satisfied its obligations. BOA also objects to this Notice topic to the extent it calls for testimony protected by the attorney-client privilege or work product doctrine. Subject to these objections, BOA will be prepared to answer questions about its understanding of, and actions undertaken to satisfy, its FCRA obligations only as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 5:** Bank of America's knowledge and understanding of the Fourth Circuit's explanation of a furnisher's duties under 15 U.S.C. § 1681s-2(b) under the *Johnson v. MBNA* and *Saunders v. BB & T* decisions and how it obtained such understanding.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence because BOA's knowledge and understanding of its obligations has nothing to do with whether BOA satisfied its obligations. BOA also objects to this Notice topic to the extent it calls for testimony protected

by the attorney-client privilege or work product doctrine. Subject to these objections, BOA will be prepared to answer questions about its understanding of, and actions undertaken to satisfy, its FCRA obligations only as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 6:** All actions, steps, procedures and systems that Bank of America claims existed at Defendant's company to ensure that it fully understood and also complied with its duties under 15 U.S.C. § 1681s-2(b) since 2008.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence because BOA's understanding of its obligations has nothing to do with whether BOA satisfied its obligations. BOA also objects to this Notice topic to the extent it calls for testimony protected by the attorney-client privilege or work product doctrine. Subject to these objections, BOA will be prepared to answer questions about its understanding of, and actions undertaken to satisfy, its FCRA obligations only as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 7:** Bank of America's knowledge of the requirements of the FCRA since 2008.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence because BOA's knowledge of its FCRA obligations has nothing to do with whether BOA satisfied its obligations. BOA also objects to this Notice topic to the extent it calls for testimony protected by the attorney-client privilege or work product doctrine. Subject to these objections, BOA will be prepared to answer

questions about its understanding of, and actions undertaken to satisfy, its FCRA obligations only as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 8:** Bank of America's knowledge of the reporting requirements for the CDIA's Metro II format.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence because BOA's knowledge of its Metro II format reporting requirements has nothing to do with whether BOA satisfied its credit reporting obligations. Subject to this objection, BOA will be prepared to answer questions about its Metro II system only as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 9:** All facts regarding the history of the disputed Bank of America mortgage account, all contacts with any person and regarding that account, and all documents regarding that account.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the Rocabrunas' account and because it is not reasonably limited in scope as it encompasses persons and documents that have anything to do with the Rocabrunas. Subject to this objection, BOA will be prepared to answer questions about the Rocabrunas' payment history, disputed payments, credit reporting disputes, and their other account history as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 10:** The credit reporting of the Plaintiffs' account that Bank of America forwarded to the Credit Reporting Agencies since December 2009.

**OBJECTION**: No objection.

**TOPIC NO. 11:** The full process, procedure and details of any audits made of the work of Bank of America's employees who processed the ACDV disputes in this case.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence because it is not reasonably tailored to the Rocabrunas' payment history or BOA's credit reporting for the Rocabrunas. BOA also objects to this Notice topic to the extent it involves post-event remedial actions, and/or to the extent it implicates confidential, sensitive information.

**TOPIC NO. 12:** Bank of America's actual knowledge of each communication to which it was a party regarding Plaintiffs, the Plaintiffs' credit reporting disputes and or the Bank of America mortgage account that is the subject of this litigation.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, because it is not reasonably limited to information known or reasonably available to BOA but asks for actual knowledge of all communications. Subject to this objection, BOA will be prepared to answer questions about its knowledge to such communications as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 13:** The method, manner, and terms of compensation for each Bank of America employee or ex-employee who did participate in the investigation of the Plaintiffs' credit reporting disputes.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it seeks confidential and sensitive business information, and is not reasonably calculated to lead to the discovery of admissible evidence because the compensation of BOA employees has nothing to do with the Rocabrunas' account payment history or BOA's credit reporting.

**TOPIC NO. 14:** The meaning, content and or decoding of the Bank of America records regarding the Plaintiffs or the Bank of America mortgage account at issue in this case, including by not limited to: ACDVs, any account database screens; and Bank of America's archived investigation records.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence because "any account database screen" and "archived investigation records" is not limited to the Rocabrunas' account payment history or BOA's credit reporting. Subject to this objection, BOA will be prepared to answer questions about its ACDV and account payment coding and credit reporting investigation as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 15:** Bank of America's policies and or procedures for conducting investigations of consumer credit report disputes received through the consumer reporting agencies, including all details as to who conducts such disputes, the guidelines by which such

disputes would be completed, all documents and records or other information considered in such investigation.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not reasonably limited to information known or reasonably available to BOA because it unreasonably asks for "all details" for a number of subtopics. Subject to this objection, BOA will be prepared to answer questions about its policies and procedures for conducting consumer credit report disputes as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 16:** Bank of America's best estimate of the expense and cost of each ACDV investigation to it for each ACDV dispute received regarding each of the Plaintiffs.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it seeks confidential and proprietary information and because it is not reasonably calculated to lead to the discovery of admissible evidence because the expense and cost of an ACDV investigation have nothing to do with the Rocabrunas' account payment history or BOA's credit reporting.

**TOPIC NO. 17:** Everything that was done regarding the Plaintiffs' disputes made pursuant to 15 U.S.C. §§ 1681i and 1681s-2(b), including all dates of communications or actions, all documents considered, all persons involved, the locations of all such actions, all steps taken to investigate or verify the subject accounts and all audits or reviews by or for Bank of America of these actions or events.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information to "all" persons, locations, and steps taken to verify the subject accounts, regardless of their materiality. BOA further objects to the extent this topic seeks information protected by the attorney-client privilege. Subject to this objection, BOA will be prepared to answer questions about BOA's handling of Plaintiffs' credit reporting disputes as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 18:** Bank of America's knowledge regarding the impact of a tradeline with a CCC filed value of XB on a consumer's credit score.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence because it seeks BOA's speculation of actual impact of credit reporting.

**TOPIC NO. 19:** The substance of Defendant's e-Oscar scorecard for each month since January 1, 2010.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is vague and not reasonably calculated to lead to the discovery of admissible evidence because it is unclear what Plaintiffs mean by "substance" or "scorecards." Subject to this objection, BOA will be prepared to answer questions about the Rocabrunas' e-Oscar scorecards only as it reasonably relates to the legal and factual issues before the Court.

**TOPIC NO. 20:** All evidence, documents and proof evaluated or considered by Bank of America in its decision to verify the account as accurately reported in response to the Plaintiffs' credit reporting disputes (*i.e.*, the ACDV disputes).

**OBJECTION**: No objection.

**TOPIC NO. 21:** All information in the Plaintiffs' credit report that Bank of America now admits was inaccurate.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is based on an incorrect assumption. Bank of America does not admit that any of its credit reports related to the Rocabrunas are inaccurate.

**TOPIC NO. 22:** All information that Bank of American sent to the national credit reporting agencies that it now admits was inaccurate.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is based on an incorrect assumption. Bank of America does not admit that any of its credit reports related to the Rocabrunas are inaccurate.

**TOPIC NO. 23:** The names and addresses of the person(s) at Bank of America who were responsible for creating and drafting the ACDV dispute procedures followed by Bank of America in this case.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence because the persons who drafted BOA procedures have nothing to do with the Rocabrunas' account payment history or BOA's credit

reporting. Moreover, BOA objects to this Notice topic because it is not a proper topic for a deposition under Rule 30(b)(6); the information sought is properly the topic of discovery requests issued pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure.

**TOPIC NO. 24:** The full background and process by which Bank of America created and drafted the ACDV dispute procedures followed by Bank of America in this case.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence because the background and process by which BOA drafted the ACDV dispute procedures have nothing to do with the Rocabrunas' account payment history or BOA's credit reporting. BOA also objects to this Notice topic to the extent it calls for testimony protected by the attorney-client privilege or work product doctrine.

**TOPIC NO. 25:** Every action taken (or not taken) by Bank of America in regard to the Plaintiffs that was not as Bank of America intended.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the Rocabrunas' account payment history and credit reporting disputes. In addition, it is speculative in asking Bank of America to determine what it unintentionally did not do, and it has an incorrect assumption.

**TOPIC NO. 33 [*sic*]:** Every mistake that you now admit your company made with regard to the Plaintiffs and/or the disputed Bank of America loan.

**OBJECTION**: BOA objects to this Notice topic on the grounds that it is based on an incorrect assumption. Bank of America does not admit that it made any material mistake with regard to the Plaintiffs and/or the disputed Bank of America loan. BOA further objects to the topic on the grounds it is vague and overbroad.

Dated: September 14, 2012

Respectfully submitted,

**BANK OF AMERICA, N.A.**

Brian E. Pumphrey (VSB No. 47312)
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-7745
Fax: (804) 698-2018
Email: bpumphrey@mcguirewoods.com

Anand V. Ramana (VSB No. 65852)
2001 K Street, NW, Suite 400
Washington, DC 20006
Tel: (202) 857-1734
Fax: (202) 828-2973
Email: aramana@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September, 2012, I served the foregoing pleading to the following persons by electronic mail and U.S. Mail, postage prepaid:

Leonard Anthony Bennett
Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@clalegal.net
Email: srotkis@clalegal.com

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Dr
Suite 200
Fairfax, VA 22030
703-277-9774
Fax: 703-591-9285
Email: kkelly@siplfirm.com
*Counsel for Plaintiff*

Anand V. Ramana (VSB No. 65852)
McGuireWoods LLP
2001 K Street, NW, Suite 400
Washington, DC 20006
Tel: (202) 857-1734
Fax: (202) 828-2973
E-mail: aramana@mcguirewoods.com
*Counsel for Bank of America, N.A.*

42005599_2.DOC