# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

ADELINA C. ROCABRUNA &
MIGUEL A. ROCABRUNA,

<em>Plaintiff,</em>

v.

BANK OF AMERICA, N.A.,

<em>Defendant.</em>

Civil Action No. 1:12-cv-00506 (LMB/TCB)

## DEFENDANT BANK OF AMERICA, N.A.'S OBJECTIONS
## TO PLAINTIFFS' WRITTEN DISCOVERY REQUESTS

Defendant Bank of America, N.A. ("BOA"), by counsel and pursuant to Local Rule 26(C), hereby objects to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production propounded upon them by Plaintiffs Adelina C. Rocabruna and Miguel A. Rocabruna.

## GENERAL OBJECTIONS

BOA objects to all Interrogatories and Document Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, and/or common interest doctrine. BOA will provide a log pursuant to Rule 26(b)(5) for all discoverable information or documents that it withholds on these grounds. BOA asserts this objection in addition to its specific objections in order to ensure that it does not waive the objection in the event that counsel is currently unaware of protectable information and documents that Plaintiffs seek in each specific Interrogatory or Document Request.

1



### SPECIFIC OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**   Separately state and describe each and every change which you have instituted or made to your procedures and policies for reporting to the consumer reporting agencies accounts that are in dispute before and following the date you first learned about the allegations and/or legal holdings contained in the Fourth Circuit's decision in *Johnson v. MBNA Bank, N.A.* No. 03-1235, (decided February 11, 2004) or *Saunders v. Branch Banking and Trust co. of Virginia,* No. 07-1109 (decided May 14, 2008).  For each change, identify all persons who participated in your decision to make the change and all documents which evidence or regard it.

**OBJECTION**: BOA objects to this Interrogatory on the grounds that it is not reasonably calculated to the discovery of admissible evidence because any BOA *change* in policy has nothing to do with the facts of this case, *i.e.,* what policy was actually in place during the relevant time period.  BOA further objects to this request on the grounds that it potentially seeks the discovery of information that is protected by the attorney-client privilege or work product doctrine.  BOA also objects on the grounds that the Interrogatory is not reasonably tailored in time because a portion of it seeks information that may have become obsolete prior to the time period of the conduct alleged in this lawsuit.


**INTERROGATORY NO. 2:**   Since January 2010, did you provide or verify any information related or attributed to the Plaintiffs to any consumer reporting agency?  If so, identify all such persons, the reason any such information was provided to each person, the manner in which you were requested to provide any such  information, and, for each separate month, specifically state the content of the METRO-2 fields provided to any such agency.

**ANSWER**: BOA objects to this Interrogatory on the grounds that it is vague because it is unclear whether Plaintiffs seek the identity of BOA persons or persons at the credit reporting agency(ies). Subject to these objections, BOA will reasonably respond to this Interrogatory within the time and in the manner provided for by the Rules.

**INTERROGATORY NO. 3:**     Did you ever receive any written or non-written communication from any other person pertaining to the Plaintiffs? If so, specifically list and identify each such communication. For non-written communication, state the content of each such communication. For written communication, identify the document and the date of receipt for each document so identified.

**ANSWER**: BOA objects to this Interrogatory on the grounds it is not reasonably calculated to lead to the discovery of admissible evidence because it potentially seeks information not related to any credit reporting or delinquency issues in this case. BOA further objects to this request on the grounds that it potentially seeks the discovery of information that is protected by the attorney-client privilege or work product doctrine. Subject to these objections, BOA will reasonably respond to this Interrogatory within the time and in the manner provided for by the Rules.

**INTERROGATORY NO. 4:**     To the extent not described in your response to Interrogatory No. 4, did you ever conduct any other investigations or information placed in the Plaintiffs' credit file? If so, for each such investigation or reinvestigation

    a.    identify all persons who conducted or participated in any such investigation or reinvestigations, including their names, employers, work and home addresses (unless counsel will accept service of process), and methods and rates of pay;

b.   identify the date of all such investigations or reinvestigations and all written and non-written communications pertaining to any such investigations or reinvestigations;

c.   describe the reason for any such investigations or reinvestigations;

d.   describe all procedures you use in concluding any such investigations or reinvestigations; and

e.   identify all steps you took with respect to each of the Plaintiffs' file following any such investigations or reinvestigations.

**ANSWER**:  BOA objects to this Interrogatory on the grounds that it is vague because it excludes discovery of information that BOA provides for "Interrogatory No. 4," which is this Interrogatory.  BOA also objects to this Interrogatory because it is more than one interrogatory. Subject to these objections, BOA will reasonably respond to this Interrogatory within the time and in the manner provided for by the Rules.


**INTERROGATORY NO. 5:**  Identify each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiffs' complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit, or any defense or allegation you have raised in this lawsuit.  For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel.  Please explain and describe the nature of each such statement by the person so identified.  Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial testimony, or report was made, taken or occurred.

**ANSWER**:   BOA objects to this Interrogatory on the grounds that it seeks expert information that BOA need only disclose pursuant to Federal Rule of Civil Procedure 26(a)(2) and the Court's scheduling orders.  BOA further objects to this Interrogatory on the grounds that it is unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in that any prior testimony in a lawsuit cannot lead to any admissible evidence in this case.

**INTERROGATORY NO. 6:** List each person employed by you who has been to India to supervise, audit or train the people who perform FCRA investigations for you and for each such person state:

    a.      The date(s) of such visit;

    b.      With whom you met;

    c.      The purpose for the visit and;

    d.      All documents generated regarding such visit.

**ANSWER**:   BOA objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because there is no reasonably time limitation, and the Interrogatory is not limited to the accounting and credit reporting issues that are before the Court in this case.

**INTERROGATORY NO. 7:**   Identify all documents prepared by or on behalf of you used in connection with the contracting, training, instruction, supervision, or evaluation of any of your employees or of any third party and or its employees, paid by you who is identified in your response to these interrogatories.

**ANSWER**:   BOA objects to this Interrogatory on the grounds that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because there is no reasonably time limitation, and the Interrogatory is not limited to accounting and credit report issues that are before the Court in this case.   BOA also objects on the grounds that the Interrogatory is not reasonably tailored in time because a portion of it seeks information that may have become obsolete prior to the time period of the conduct alleged in this lawsuit. Subject to these objections, BOA will reasonably respond to this Interrogatory as it pertains to the credit reporting issues in this case within the time and in the manner provided for by the Rules.

**INTERROGATORY NO. 8:**   State the factual basis of any and all defenses that you have asserted to the Plaintiffs' Complaint.  For each paragraph of Plaintiffs' Complaint for which you deny the allegations, please explain and describe any facts that you believe may support each denial.  If you contend as one of your defenses that, as of the date of such ACDV received by you, the Plaintiffs were delinquent in the payment of their mortgage account, state every single reason and fact and identify every single document that supports your contention.

**ANSWER**:  BOA objects to this Interrogatory because it constitutes at least eight (8) separate interrogatories – one for each asserted defense with a factual basis (as opposed to a purely legal defense).   Subject to these objections, BOA will reasonably respond to this Interrogatory within the time and in the manner provided for by the Rules.

**INTERROGATORY NO. 9:**   Identify every lawsuit in which you have been sued for your alleged violation of 15 U.S.C. § 1681s-2 since January 1, 2008.  Include the style of the

case, the names of all co-defendants, the court in which the action was brought, the case number, the name of the plaintiff's attorney, the identities of any of your co-defendants, the date the case was filed, and the disposition in the case.

**ANSWER**:  BOA objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence because no previous lawsuit could possibly have any bearing on the Rocabrunas accounting or credit reporting issues that are before the Court in this case.

**INTERROGATORY NO. 10:**  Describe, state and identify every document, internal memorandum, e-mail, or other electronic communications system or method through which you or your employees discussed your maintenance, modification, and/or creation of your FCRA investigation procedures.  Identify all documents that regard such system(s).

**ANSWER**:  BOA objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome in scope, and because it is not reasonably calculated to the discovery of admissible evidence because any discussion of BOA's FCRA investigation procedures has nothing to do with the facts of this case, *i.e.*, what FCRA investigation procedures were actually in place during the relevant time period.  BOA further objects to this request on the grounds that it potentially seeks the discovery of information that is protected by the attorney-client privilege or work product doctrine.  BOA also objects on the grounds that the Interrogatory is not reasonably tailored in time because a portion of it seeks information that may have become obsolete prior to the time period of the conduct alleged in this lawsuit. Subject to these objections, BOA will reasonably respond to this Interrogatory within the time and in the manner provided for by the Rules.

**INTERROGATORY NO. 11:**   Identify for each month between December 2009 and May 2012 the reporting information submitted to the consumer reporting agencies for the *BAC Home Loan Servicing* account:

- ~~December 2009~~
- January 2010
- February 2010
- March 2010
- April 2010
- May 2010
- June 2010
- July 2010
- August 2010
- September 2010
- October 2010
- November 2010
- December 2010
- January 2011
- February 2011
- March 2011
- April 2011
- May 2011
- June 2011

- July 2011

- August 2011

- September 2011

- October 2011

- November 2011

- December 2011

- January 2012

- February 2012

- March 2012

- April 2012

- May 2012

**ANSWER**: No objection.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   Produce all documents identified in your answers to Plaintiffs' First Set of Interrogatories.

**RESPONSE:**   BOA objects to this Request on the grounds that it potentially seeks the discovery of information that is protected by the attorney-client privilege or work product doctrine.   Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 2:**   Produce all documents in your possession with regard to the Plaintiffs or the subject of this suit.

**RESPONSE:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to the discovery of admissible evidence because it potentially seeks documents that do not have anything to do with the accounting and credit reporting issues before the Court in this case. BOA further objects to this Request on the grounds that it potentially seeks the discovery of information that is protected by the attorney-client privilege or work product doctrine. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit. Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 3:**   All documents communicated to or from you and any Credit Reporting Agency or the DCIA regarding the procedures you are to follow under Metro II when reporting a mortgage loan that was involved in a loan modification.

**RESPONSE:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to the discovery of admissible evidence because any documents related to procedures not in place during the relevant time period have no bearing on the Rocabrunas. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit. Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 4:**   Produce all documents that have been exchanged with any Credit Reporting Agency regarding your involvement in or the fact that you have been the subject of multiple or numerous FCRA complaints.

**RESPONSE:**  BOA objects to this Request on the grounds that it is overly broad, unduly ~~burdensome, unduly burdensome and seeks information that is not reasonably calculated to lead~~ to the discovery of admissible evidence in that any prior FCRA lawsuits against BOA cannot lead to any admissible evidence in this case.  BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.


**REQUEST NO. 5:**   Produce all correspondence between you and any co-defendant or the Plaintiffs, which regarding the subject of this lawsuit or the Plaintiffs.

**RESPONSE:**  BOA objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because documents simply related to "the subject of this lawsuit," *i.e.*, any accounting or credit reporting issues regardless of their relation to the Rocabrunas, cannot lead to admissible evidence in this case. BOA further objects to this request on the grounds that it potentially seeks the discovery of information that is protected by the joint defense privilege or common interest doctrine.  BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.  Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 6:**   Produce all correspondence between you and the Plaintiffs, which regarding the subject of this lawsuit or the Plaintiffs.

**RESPONSE:**   BOA objects to this Request on the grounds that it seeks information that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because some documents simply related to "the subject of this lawsuit," *i.e.*, any accounting or credit reporting issues regardless of their relation to the Rocabrunas, cannot lead to admissible evidence in this case.   Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 7:**   Produce all documents that were mailed, e-mailed or otherwise delivered to you by the Plaintiffs or any co-Defendant regarding the subject of this lawsuit or the Plaintiff.

**RESPONSE:**   BOA objects to this Request on the grounds that it seeks information that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because some documents simply related to "the subject of this lawsuit," *i.e.*, any accounting or credit reporting issues regardless of their relation to the Rocabrunas, cannot lead to admissible evidence in this case.   BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.   BOA also objects to this Request on the grounds that it seeks documents that are protected by the joint defense privilege or common interest doctrine.   Subject to, and without waiving the foregoing objections,

12

BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 8:**   Produce all documents or exhibits, which you intend to produce at trial.

**RESPONSE:**   BOA objects to this Request on the grounds that it impermissibly seeks documents and exhibits protected by the work product doctrine.

**REQUEST NO. 9:**   Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. § 1681s-2(b), since January 1, 2008.

**RESPONSE:**   BOA objects to this Request on the grounds that a portion of it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.  Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 10:**   Produce all documents that contain the Plaintiffs' name, social security number, and/or address.

**RESPONSE:**   BOA objects to this Request on the grounds that a it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or

may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 11:**   Produce all manuals that describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created, stored or organized pertaining to the Plaintiffs or any account(s) attributed or related to them.

**RESPONSE:**  BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit. Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 12:**   Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.

**RESPONSE:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit. Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 13:**   Produce all manuals, instructional materials, training videos or tapes or other documents provided to you by *Experian, Trans Union and Equifax* that pertain to your credit reporting procedures and/or your compliance with the Federal Fair Credit Reporting Act.

**RESPONSE:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit. Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 14:** Please produce every document that regards and/or describes each and every change which you have instituted or made to your procedures and policies for creating and/or publishing consumer reports or the reinvestigation of consumer disputes after the Fourth Circuit's decision in *Johnson v. MBNA.*

**RESPONSE:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because only the policy at the period at issue impacts this case. Moreover, a portion of the Request seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 15:** Produce the personnel file(s) of each of your employees who ever conducted an investigation or reinvestigation of any information ever placed in the Plaintiffs' file or regarding each of the Plaintiffs or any account, which you had attributed to them. (Do not produce medical information or documents that are not job-related).

**RESPONSE:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because nothing in the employees' files has anything to do with the Rocabrunas' credit reporting

disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.

**REQUEST NO. 16:**   Produce every manual or other document that explains and/or describes when, how and under what circumstances you archive, retain or capture account data in any file bearing any of the Plaintiffs' personal identifiers.

**RESPONSE:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because how BOA handles the Plaintiffs' personal identifiers has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.  BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 17:**   Produce each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiffs or any of their personal identifiers.

**RESPONSE:** No objection.

**REQUEST NO. 18:**   Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiffs' complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or

consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.

**RESPONSE:** BOA objects to this Request on the grounds that it seeks information protected by the work product doctrine. BOA further objects to this Request on the grounds that it is unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence because the information sought has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.

**REQUEST NO. 19:** Produce all documents prepared by you or on our behalf used in connection with the training, instruction, supervision or evaluation of any of your employees or of any third party paid by you identified in your responses to these interrogatories.

**RESPONSE:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information protected by the attorney client privilege and work product doctrine. BOA further objects to this Request on the grounds that it is unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence because the information sought has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 20:**   Produce your annual report issued for the fiscal or calendar years 2009, 2010 and 2011.   (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of January 1, 2012.)

**RESPONSE:**   BOA objects to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence because BOA's annual reports have nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.   BOA also objects to this Request on the grounds that they are publicly available.

**REQUEST NO. 21:**   Produce every manual or other document which lists, explains and/or describes any code contained in your customer information systems, any reinvestigation record or file, and any other retained computer record and/or screen/file you generated and accessed regarding the Plaintiffs or any account attributed to each of the Plaintiffs.

**RESPONSE:**   BOA objects to this Request on the grounds that it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the documents sought have nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.   Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 22:**   Produce your complete procedures manual for investigation, including all revisions since January 1, 2008.

**RESPONSE:**  BOA objects to this Request on the grounds that it is overly broady, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that not all BOA procedures manuals have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.  Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 23:**  Produce every single document that supports your contention that the Plaintiffs were past due on their mortgage account that was the subject of disputes and their dispute letters to the credit bureaus.

**RESPONSE:**  BOA objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege and work product doctrine.  Subject to, and without waiving the foregoing objection, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 24:**  Produce any document that you have regarding the establishment, maintenance, implementation, improvement or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2.

**RESPONSE:**  BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence because the establishment, maintenance, implementation, improvement or modification of investigation

procedures or of procedures related to the submission and accuracy of data by BOA has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 25:**   Produce each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency that pertained to the Plaintiffs or any of their personal identifiers.

**RESPONSE:** No objection.

**REQUEST NO. 26:**   Produce every document, internal memorandum, e-mail or other electronic communications through which you or your employees discussed your maintenance, modification and/or creation of your reinvestigation procedures.

**RESPONSE:** BOA objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence because not all BOA procedures manuals have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 27:**   Produce the application(s); monthly statements and any other documents that pertain to any account(s) for which you contend that the Plaintiffs have ever been personally liable to you.

**RESPONSE:**   BOA objects to this Request on the grounds that it is overly broad, unduly ~~burdensome, and seeks information not reasonably calculated to lead to the discovery of~~ admissible evidence because not all BOA "other documents that pertain to any account(s)" have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.   Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**REQUEST NO. 28:**   Produce any documents that list the names, positions and job descriptions of all of your employees.

**RESPONSE:**   BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because almost all of BOA employees have nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.   BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that contain information about periods long before the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 29:**   Please produce any document that details and describes the organizational structure of your company.

**RESPONSE:** BOA objects to this Request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence because BOA's organizational structure has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 30:** Please produce copies of any mortgage loan and modification documents signed by the Plaintiffs.

**RESPONSE:** No objection.

Dated: September 7, 2012

Respectfully submitted,

**BANK OF AMERICA, N.A.**

Brian E. Pumphrey (VSB No. 47312)
McGuireWoods LLP
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-7745
Fax: (804) 698-2018
Email: bpumphrey@mcguirewoods.com

Anand V. Ramana (VSB No. 65852)
2001 K Street, NW, Suite 400
Washington, DC 20006
Tel: (202) 857-1734
Fax: (202) 828-2973
Email: aramana@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.*

23

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2012, I served the foregoing pleading to the following persons by electronic mail and U.S. Mail, postage prepaid:

Leonard Anthony Bennett
Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net
Email: srotkis@clalegal.com

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Dr
Suite 200
Fairfax, VA 22030
703-277-9774
Fax: 703-591-9285
Email: kkelly@siplfirm.com
*Counsel for Plaintiff*

Anand V. Ramana (VSB No. 65852)
McGuireWoods LLP
2001 K Street, NW, Suite 400
Washington, DC 20006
Tel: (202) 857-1734
Fax: (202) 828-2973
E-mail: aramana@mcguirewoods.com
*Counsel for Bank of America, N.A.*

24