IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ADELINA C. ROCABRUNA &
MIGUEL A. ROCABRUNA,

        *Plaintiff,*

v.

BANK OF AMERICA, N.A.,

        *Defendant.*

Civil Action No. 1:12-cv-00506 (LMB/TCB)

### DEFENDANT BANK OF AMERICA, N.A.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' DOCUMENT REQUESTS

Defendant Bank of America, N.A. ("BOA"), by counsel and pursuant to Local Rule 26(C) and Rule 34 of the Federal Rules of Civil Procedure, hereby objects and responds to Plaintiffs' First Set of Requests for Production propounded upon it by Plaintiffs Adelina C. Rocabruna and Miguel A. Rocabruna.

### GENERAL OBJECTIONS

BOA objects to all Document Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, work product doctrine, joint defense privilege, and/or common interest doctrine. BOA will provide a log pursuant to Rule 26(b)(5) for all discoverable information or documents that it withholds on these grounds. BOA asserts this objection in addition to its specific objections in order to ensure that it does not waive the objection in the event that counsel is currently unaware of protectable information and documents that Plaintiffs seek in each specific Document Request.


EXHIBIT Q

1

## SPECIFIC OBJECTIONS AND RESPONSES
## TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce all documents identified in your answers to Plaintiffs' First Set of Interrogatories.

**OBJECTION:** BOA objects to this Request on the grounds that it potentially seeks the discovery of information that is protected by the attorney-client privilege or work product doctrine. Subject to, and without waiving the foregoing objections, BOA shall produce non-privileged responsive documents, if any, at a time and place that is agreed upon by the parties.

**RESPONSE:** Subject to and without waiving the foregoing objections, BOA encloses all responsive, non-privileged documents.

**REQUEST NO. 2:** Produce all documents in your possession with regard to the Plaintiffs or the subject of this suit.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to the discovery of admissible evidence because it potentially seeks documents that do not have anything to do with the accounting and credit reporting issues before the Court in this case. BOA further objects to this Request on the grounds that it potentially seeks the discovery of information that is protected by the attorney-client privilege or work product doctrine. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**RESPONSE:** Subject to and without waiving the foregoing objections, BOA encloses all responsive, non-privileged documents. Because of their volume, BOA is producing documents pursuant to this Request in chronological order.

**REQUEST NO. 3:** All documents communicated to or from you and any Credit Reporting Agency or the DCIA regarding the procedures you are to follow under Metro II when reporting a mortgage loan that was involved in a loan modification.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to the discovery of admissible evidence because any documents related to procedures not in place during the relevant time period have no bearing on the Rocabrunas. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Response to Request No. 2.

**REQUEST NO. 4:** Produce all documents that have been exchanged with any Credit Reporting Agency regarding your involvement in or the fact that you have been the subject of multiple or numerous FCRA complaints.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in that any prior FCRA lawsuits against BOA cannot lead to any admissible evidence in this case. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 5:** Produce all correspondence between you and any co-defendant or the Plaintiffs, which regarding the subject of this lawsuit or the Plaintiffs.

**OBJECTION:** BOA objects to this Request on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because documents simply related to "the subject of this lawsuit," *i.e.*, any accounting or credit reporting issues regardless of their relation to the Rocabrunas, cannot lead to admissible evidence in this case. BOA further objects to this request on the grounds that it potentially seeks the discovery of information that is protected by the joint defense privilege or common interest doctrine. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Response to Request No. 2.

**REQUEST NO. 6:** Produce all correspondence between you and the Plaintiffs, which regarding the subject of this lawsuit or the Plaintiffs.

**OBJECTION:** BOA objects to this Request on the grounds that it seeks information that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because some documents simply related to "the subject of this lawsuit," *i.e.*, any accounting or credit reporting issues regardless of their relation to the Rocabrunas, cannot lead to admissible evidence in this case.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Response to Request No. 2.

REQUEST NO. 7: Produce all documents that were mailed, e-mailed or otherwise delivered to you by the Plaintiffs or any co-Defendant regarding the subject of this lawsuit or the Plaintiff.

OBJECTION: BOA objects to this Request on the grounds that it seeks information that is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because some documents simply related to "the subject of this lawsuit," *i.e.*, any accounting or credit reporting issues regardless of their relation to the Rocabrunas, cannot lead to admissible evidence in this case. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit. BOA also objects to this Request on the grounds that it seeks documents that are protected by the joint defense privilege or common interest doctrine.

RESPONSE: Subject to and without waiving the foregoing objections, BOA has no such documents in its possession, custody, or control.

REQUEST NO. 8: Produce all documents or exhibits, which you intend to produce at trial.

OBJECTION: BOA objects to this Request on the grounds that it impermissibly seeks documents and exhibits protected by the work product doctrine.

REQUEST NO. 9: Produce all documents that detail or describe your procedures for compliance with 15 U.S.C. § 1681s-2(b), since January 1, 2008.

5

**OBJECTION:** BOA objects to this Request on the grounds that a portion of it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.

**RESPONSE:** Subject to and without waiving the foregoing objections, BOA encloses all responsive, non-privileged documents.

**REQUEST NO. 10:** Produce all documents that contain the Plaintiffs' name, social security number, and/or address.

**OBJECTION:** BOA objects to this Request on the grounds that a it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Response to Request No. 2.

**REQUEST NO. 11:** Produce all manuals that describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created, stored or organized pertaining to the Plaintiffs or any account(s) attributed or related to them.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Response to Request No. 9.

**REQUEST NO. 12:** Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

RESPONSE: Subject to and without waiving the foregoing objections, see Response to Request No. 9.

REQUEST NO. 13: Produce all manuals, instructional materials, training videos or tapes or other documents provided to you by *Experian, Trans Union and Equifax* that pertain to your credit reporting procedures and/or your compliance with the Federal Fair Credit Reporting Act.

OBJECTION: BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

RESPONSE: Subject to and without waiving the foregoing objections, BOA states that it has no such documents in its possession, custody, or control.

REQUEST NO. 14: Please produce every document that regards and/or describes each and every change which you have instituted or made to your procedures and policies for creating and/or publishing consumer reports or the reinvestigation of consumer disputes after the Fourth Circuit's decision in *Johnson v. MBNA*.

...

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because only the policy at the period at issue impacts this case. Moreover, a portion of the Request seeks information not reasonably calculated to lead to the discovery of admissible evidence because some documents that fall within the scope of this Request may or may not have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 15:** Produce the personnel file(s) of each of your employees who ever conducted an investigation or reinvestigation of any information ever placed in the Plaintiffs' file or regarding each of the Plaintiffs or any account, which you had attributed to them. (Do not produce medical information or documents that are not job-related).

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because nothing in the employees' files has anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.

REQUEST NO. 16: Produce every manual or other document that explains and/or describes when, how and under what circumstances you archive, retain or capture account data in any file bearing any of the Plaintiffs' personal identifiers.

OBJECTION: BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because how BOA handles the Plaintiffs' personal identifiers has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

REQUEST NO. 17: Produce each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency that regarded the Plaintiffs or any of their personal identifiers.

OBJECTION: No objection.

RESPONSE: See Responses to Requests Nos. 1 and 2.

REQUEST NO. 18: Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiffs' complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which

contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.

**OBJECTION:** BOA objects to this Request on the grounds that it seeks information protected by the work product doctrine. BOA further objects to this Request on the grounds that it is unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence because the information sought has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.

**REQUEST NO. 19:** Produce all documents prepared by you or on our behalf used in connection with the training, instruction, supervision or evaluation of any of your employees or of any third party paid by you identified in your responses to these interrogatories.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information protected by the attorney client privilege and work product doctrine. BOA further objects to this Request on the grounds that it is unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence because the information sought has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 20:** Produce your annual report issued for the fiscal or calendar years 2009, 2010 and 2011. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of January 1, 2012.)

**OBJECTION:** BOA objects to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence because BOA's annual reports have nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects to this Request on the grounds that they are publicly available.

**REQUEST NO. 21:** Produce every manual or other document which lists, explains and/or describes any code contained in your customer information systems, any reinvestigation record or file, and any other retained computer record and/or screen/file you generated and accessed regarding the Plaintiffs or any account attributed to each of the Plaintiffs.

**OBJECTION:** BOA objects to this Request on the grounds that it overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that the documents sought have nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Response to Request No. 9.

**REQUEST NO. 22:** Produce your complete procedures manual for investigation, including all revisions since January 1, 2008.

12

~~OBJECTION: BOA objects to this Request on the grounds that it is overly broad,~~ unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that not all BOA procedures manuals have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Response to Request No. 9.

**REQUEST NO. 23:** Produce every single document that supports your contention that the Plaintiffs were past due on their mortgage account that was the subject of disputes and their dispute letters to the credit bureaus.

**OBJECTION:** BOA objects to this Request on the grounds that it seeks documents that are subject to the attorney-client privilege and work product doctrine.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Responses to Request Nos. 1 and 2.

**REQUEST NO. 24:** Produce any document that you have regarding the establishment, maintenance, implementation, improvement or modification of investigation procedures or of procedures related to the submission and accuracy of data by you to the credit bureaus through Metro 1 or Metro 2.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence because the establishment, maintenance, implementation, improvement or modification of

13

investigation procedures or of procedures related to the submission and accuracy of data by BOA has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 25:** Produce each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency that pertained to the Plaintiffs or any of their personal identifiers.

**OBJECTION:** No objection.

**RESPONSE:** See Responses to Request Nos. 1 and 2.

**REQUEST NO. 26:** Produce every document, internal memorandum, e-mail or other electronic communications through which you or your employees discussed your maintenance, modification and/or creation of your reinvestigation procedures.

**OBJECTION:** BOA objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence because not all BOA procedures manuals have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 27:** Produce the application(s); monthly statements and any other documents that pertain to any account(s) for which you contend that the Plaintiffs have ever been personally liable to you.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence because not all BOA "other documents that pertain to any account(s)" have anything to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Responses to Request Nos. 1 and 2.

**REQUEST NO. 28:** Produce any documents that list the names, positions and job descriptions of all of your employees.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because almost all of BOA employees have nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that contain information about periods long before the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 29:** Please produce any document that details and describes the organizational structure of your company.

**OBJECTION:** BOA objects to this Request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence because BOA's organizational structure has nothing to do with the Rocabrunas' credit reporting disputes and the accuracy of BOA's reporting of the Rocabrunas' credit to credit reporting agencies. BOA also objects on the grounds that the Request is not reasonably tailored in time because a portion of it seeks documents that may have become ineffective prior to the time period of the conduct alleged in this lawsuit.

**REQUEST NO. 30:** Please produce copies of any mortgage loan and modification documents signed by the Plaintiffs.

**OBJECTION:** No objection.

**RESPONSE:** See Response to Request No. 2.

Dated: September 24, 2012

Respectfully submitted,

BANK OF AMERICA, N.A.

_/s/ Pumphrey_
Brian E. Pumphrey (VSB No. 47312)
MCGUIREWOODS LLP
901 East Cary Street
Richmond, Virginia 23219
Phone: (804) 775-7745
Fax: (804) 698-2018
Email: bpumphrey@mcguirewoods.com

Anand V. Ramana (VSB No. 65852)
2001 K Street, NW, Suite 400
Washington, DC 20006

Tel: (202) 857-1734
Fax: (202) 828-2973
Email: aramana@mcguirewoods.com
*Counsel for Defendant Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2012, I served the foregoing pleading to the following persons by electronic mail and U.S. Mail, postage prepaid:

>Leonard Anthony Bennett
>Susan Mary Rotkis
>CONSUMER LITIGATION ASSOCIATES, PC
>12515 Warwick Blvd., Suite 100
>Newport News, VA 23606
>Telephone: 757-930-3660
>Facsimile: 757-930-3662
>Email: lenbennett@clalegal.com
>Email: srotkis@clalegal.com
>
>Kristi Cahoon Kelly
>SUROVELL ISAACS PETERSEN & LEVY PLC
>4010 University Dr
>Suite 200
>Fairfax, VA 22030
>703-277-9774
>Fax: 703-591-9285
>Email: kkelly@siplfirm.com
>*Counsel for Plaintiff*

>_____
>Anand V. Ramana (VSB No. 65852)
>McGuireWoods LLP
>2001 K Street, NW, Suite 400
>Washington, DC 20006
>Tel: (202) 857-1734
>Fax: (202) 828-2973
>E-mail: aramana@mcguirewoods.com
>*Counsel for Bank of America, N.A.*