```
                                                                      1
     1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE EASTERN DISTRICT OF VIRGINIA
     2                       RICHMOND DIVISION

     3    - - - - - - - - - - - - - - - - -
                                           :
     4    LINDA MULLINS,                   :
                           Plaintiff,      :
                                           :
     5    v.                               :  Civil Action
                                           :  No. 3:05CV888
     6    EQUIFAX INFORMATION SERVICES,    :
          LLC, et al.                      :  January 18, 2006
     7                     Defendants.     :
                                           :
     8    - - - - - - - - - - - - - - - - -

     9          COMPLETE TRANSCRIPT OF FINAL PRETRIAL HEARING
                   BEFORE THE HONORABLE ROBERT E. PAYNE
    10                UNITED STATES DISTRICT JUDGE

    11

    12    APPEARANCES:

    13    CONSUMER LITIGATION ASSOCIATES
          Newport News, Virginia
    14    BY:  LEONARD A. BENNETT, ESQ.
               MATTHEW ERAUSQUIN, ESQ.
    15    and
          KRUMBEIN & ASSOCIATES
    16    Richmond, Virginia
          BY:  JASON KRUMBEIN, ESQ.
    17
                  Counsel on behalf of the Plaintiff
    18
          KOGAN, TRICHON & WERTHEIMER
    19    Philadelphia, Pennsylvania
          BY:  BRUCE S. LUCKMAN, ESQ.
    20    and
          HARMAN, CLAYTOR, CORRIGAN & WELLMAN
    21    Richmond, Virginia
          BY:  MARK G. CARLTON, ESQ.
    22
                  Counsel on behalf of the Defendants
    23

    24                   DIANE J. DAFFRON, RPR
                         OFFICIAL COURT REPORTER
    25                 UNITED STATES DISTRICT COURT
```



EXHIBIT T

84

1   about.

2       It's the same objection that they are not notice,

3   that they are different, that they might be appropriate

4   for forming jury instructions, but not to have the

5   panel read them and try to figure out the nuances and

6   whether they are similar.

7       THE COURT: First, I'm not going to let the jury

8   read the decisions. I don't think that makes any

9   sense. It's not what juries do.

10      Was Trans Union a party in those cases?

11      MR. BENNETT: Every one. In fact, counsel was

12  defending most of them.

13      THE COURT: All right. I think the information

14  that Trans Union got a message from a court that told

15  it its investigative procedures were inadequate is

16  relevant. I don't think it's prejudicial because it is

17  notice that the investigative procedures were relevant.

18  The question is: How does it come in?

19      MR. LUCKMAN: Your Honor, if I may, we believe

20  it's not relevant because the cases, many of them, have

21  to do with, for example, Soghomonian and Lawrence in

22  particular, they have to do with Trans Union failed to

23  forward documentation that conclusively established an

24  inaccuracy, which was the certification of no

25  attachment from Soghomonian or a docket.

85

1     In Lawrence, the woman sent a docket to Trans
2  Union. Trans Union didn't forward it to the vender.
3  So the Court said the failure to use it or forward it.
4  So that's a different -- it's irrelevant here because
5  she didn't forward anything that Trans Union could have
6  forwarded back to MBNA.
7     THE COURT:  Well, what's your objection?  It's 403
8  evidence.
9     MR. LUCKMAN:  It's confusing.
10    THE COURT:  Well, then say that.
11    MR. LUCKMAN:  It's confusing and irrelevant, but
12 it would be very confusing to the jury.
13    THE COURT:  Cushman says you can't parrot
14 information given you by the bank.
15    MR. LUCKMAN:  Under some circumstances.
16    THE COURT:  Period.  That's it.
17    MR. LUCKMAN:  It says "under some circumstances."
18    THE COURT:  Look, it's time that you-all came to
19 realize that when a Court tells you something, you have
20 got to realize it, accept it, and do something about
21 it.  If you don't, you're in trouble.
22    It's time that your client understood that, and
23 that's what he's trying to prove.  And if you don't do
24 it, you get punished for doing it.  That's just the way
25 life is.

```
                                                              86
 1          The question is: Did the particular Court tell
 2   them to do it?
 3          MR. BENNETT: They did.
 4          THE COURT: Tell them that the procedure that is
 5   at issue here was inadequate?
 6          MR. BENNETT: Yes, sir.
 7          THE COURT: In which cases?
 8          MR. BENNETT: The six that we cited starting with
 9   Cushman, but the best on this -- the phrasing I like is
10   from Soghomonian where it says -- it refers to Trans
11   Union's argument as this argument is contrary to
12   clearly established law.
13          And in each of these cases, in fact in the last
14   one, in Lawrence, the Judge chastised Trans Union for
15   ignoring the decisions in the same court in Crane, and
16   referenced that case and said, "This is exactly the
17   same conduct that was considered in Crane."
18          I've cited each of the paragraphs. In fact, in
19   Crane, Eileen Little's testimony is described with the
20   Judge saying --
21          THE COURT: What page are you talking about? You
22   don't have pages.
23          MR. BENNETT: I don't. Starting, Judge, after
24   footnote 13 at the bottom is the Cushman citations, and
25   the most cited paragraph in any case -- if do you a
```

87

1  Westlaw search on 1681i, and you'll see repeated in all
2  these cases is that middle paragraph with footnote 13
3  at the bottom of the page. And that middle paragraph
4  is not a condition statement. It says, "You cannot
5  parrot." It's 1997. Same defendant. Same defense
6  counsel. And that paragraph --
7     THE COURT: How many of the cases actually hold
8  that?
9     MR. BENNETT: All of the cases I've cited. In
10 fact, every one I've cited even uses that citation.
11    THE COURT: Do they say it?
12    MR. BENNETT: Yes, sir.
13    THE COURT: All right. And that's what happened
14 in this case?
15    MR. BENNETT: That's exactly what happened in this
16 case.
17    THE COURT: All right.
18    MR. LUCKMAN: Your Honor --
19    THE COURT: So I think they can be told that on at
20 least these occasions courts of the United States have
21 told First Union the following: Boom.
22    MR. LUCKMAN: Is that a jury instruction?
23    THE COURT: Yes. They get told that by the Court.
24    I've read the four Illinois cases that you have
25 and I don't think they apply.

88

1  MR. LUCKMAN: Our objection, just for the record,
2  is --
3  THE COURT: Because the cases you cite are
4  basically cases where accuracy was the issue and here
5  that isn't the issue. It's already been determined
6  that it's inaccurate.
7  MR. LUCKMAN: Our objection, sir, is that the
8  circumstances of each of those cases are very different
9  than this case because in each of those, except for
10 Cushman, there was a document which was not forwarded,
11 and that drove the Court's decision to be so harsh with
12 Trans Union about its procedures.
13 So although they may have used the term
14 "parroting," it was in connection with the failure in
15 Soghomonian, and Lawrence, and Crane, in not sending
16 supporting or conclusive documents.
17 THE COURT: That's sort of an argument about how
18 many angels can stand on the head of a pin because you
19 have been told in each one of these that you can't just
20 parrot information, and that's what you did here. And
21 it seems to me to be what we can do.
22 So you prepare a proper instruction that actually
23 contains that citation and the number of courts of
24 appeals, and I'll consider it, review it, and give that
25 instruction.

89

1  It seems to me it's an appropriate thing to do,
2  but the actual cases can't go to the jury. You can't
3  ask a jury to do that.
4       MR. BENNETT: Judge, but our --
5       THE COURT: I'll do it in connection with the
6  notice issue.
7       MR. BENNETT: Yes, sir. We'll try to get that to
8  counsel and to the Court by tomorrow morning.
9       MR. LUCKMAN: Your Honor, if we could, and I
10 briefly discussed this with Mr. Bennett earlier,
11 because of your rulings, I think we need to doctor up
12 our agreed jury instruction and jury instructions, and
13 I think, unfortunately, I'm not going to be able to get
14 back to my office until sometime tomorrow.
15      So if we could maybe have a little later than
16 tomorrow morning to put this stuff together and get it
17 back in your hands and make some sense out of it.
18      THE COURT: Let's finish what we've got here.
19      MR. LUCKMAN: The only reason I said that is that
20 we're pretty close to being finished.
21      THE COURT: Let me see. Page what was it, 9 or
22 11?
23      MR. LUCKMAN: You were just on page 10.
24      THE COURT: Ten. Okay. That is 33 through 40 is
25 the objection is overruled. Issue will be subject of

```
                                                          90
 1   an instruction.
 2           Are you having an executive of your company come
 3   here to the trial?
 4           MR. LUCKMAN:  Well, for purposes of testimony
 5   there will be a senior vice president, Bill Stockdale,
 6   but not an executive decision-maker in terms of either
 7   reinvestigation issues or policy decisions.  He's
 8   fairly senior.  His area is the information services
 9   area.
10           THE COURT:  All right.  33 through 40 is taken
11   care of then.
12           MR. BENNETT:  Judge, 40 is a little different.
13           THE COURT:  Excuse me.  Through 38.
14           MR. BENNETT:  Yes, sir.
15           THE COURT:  That's what that meant.  Why are we
16   putting the Johnson decision in?  Just to show there
17   have been punitive damages?
18           MR. BENNETT:  There wasn't punitives.  But the
19   Johnson decision --
20           THE COURT:  Johnson involves MBNA.
21           MR. BENNETT:  That's right, and it's a public
22   statement in a case in which Trans Union was a party
23   and in which this public document, that's not been
24   objected to for hearsay, describes in detail what MBNA
25   procedures to do an investigation are.
```