IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ADELINA C. ROCABRUNA, *et al.*,

    **Plaintiffs,**

v.                                            Civil Action No.: 1:12-cv-506-LMB/TCB

BANK OF AMERICA, N.A.,

    **Defendant.**

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO FILE DOCUMENTS UNDER SEAL

COMES NOW the Plaintiffs, ADELINA C. ROCABRUNA and MIGUEL A. ROCABRUNA, by counsel, and for their Memorandum in Support of their Motion to File Documents Under Seal, they state as follows:

Plaintiffs have moved to compel the production of the substantive rules, procedures and policies used by Bank of America's Indian "ACDV operators" to conduct a FCRA investigation of Plaintiffs' disputes. Defendant has responded in part by asserting:

> Yet BOA responded to Plaintiffs' discovery requests by producing several ACDV investigation policies and procedures. (BANA-001799 through BANA-001802, BANA-001809 through BANA-001812, BANA-002244 through BANA-002246, BANA-002251 through BANA-002253). Moreover, BOA agreed in its meet and confers with Plaintiffs that it would supplement its discovery responses with additional ACDV investigation policies and procedures, to the extent any such additional documents exist.

(Def. Mem. at 7, Docket No. 44). As offered more fully in Plaintiffs' Reply in Support of their Motion to Compel, the documents cited by Defendant are largely irrelevant to this case and do not offer any substantive detail as to what the bank employees actually were to do when receiving a consumer dispute through reporting agencies Equifax, Trans Union or Experian. They certainly are not the detailed actual investigation procedures used by and to train the bank's Indian

"investigators." However, the documents cited in Defendant's brief do expressly identify the actual procedures and the "portal" that contains them. Accordingly, as to this particular discovery dispute it is necessary for the Court to see and review the Bates numbered ranges identified in Defendant's brief.

Unfortunately, as with all "2,200 pages of documents" that Defendant has now produced, Bank of America has branded these as "Confidential." On August 21, 2012, this court entered a Stipulated Protective Order (Docket No. 26) governing the use, handling, and disclosure of all documents, testimony, or information produced or given in this action that are designated to be subject to this Order. While Plaintiffs do not agree with Defendant's designations of nearly all of these documents as confidential, they nevertheless seek to comply with the Protective Order as entered. Specifically, Paragraph 11 of the Protective Order provides:

> Subject to paragraph 10, unless a filing party intends to file the CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS under seal in accordance with Local Rule 5, any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court must contact the designating party two (2) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS or CONFIDENTIAL-ABO MATERIALS shall file such material in accordance with Local Rule 5(B) & (D). The designating party shall file a Motion to File Under Seal simultaneously with the other party's filing and within five (5) days thereafter shall file a supporting memorandum that complies with the requirements of Local Rule 5(C). The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules and this Order.

(Docket No. 26).

Local Civil Rule 5 requires in relevant part:

(C) Any motion for a protective order providing prospectively for filing of documents under seal shall be accompanied by a non-confidential supporting

memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A confidential memorandum for in camera review may also be submitted. The non-confidential memorandum and the proposed order shall include:

(1) A non-confidential description of what is to be sealed;

(2) A statement as to why sealing is necessary, and why another procedure will not suffice;

(3) References to governing case law; and

(4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

The proposed order shall recite the findings required by governing case law to support the proposed sealing.

The Clerk shall provide public notice by docketing the motion in a way that discloses its nature as a motion to seal, with its hearing date (if any). Other parties and non-parties may submit memoranda in support of or opposition to the motion, and may designate all or part of such memoranda as confidential. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

Local Civ. R. 5(C). Accordingly, Plaintiffs ask for *in camera* review of the document attached hereto as Exhibit "A" initially under seal and a determination by the Court as to whether or not it should remain under seal or instead be publically filed.

**(1.)  Non-Confidential Description**.

Exhibit "A" is a compilation of the documents cited by Bates range in Bank of America's brief. They can best be publically described as the pages from Bank of America's several operations manuals that mention the use of "ACDVs".[1] In addition, Plaintiffs have included the first page of each specific operations document that titles the Bates excerpt Defendant cites. The documents do not have any specific computer code or secret formula for employee conduct.

---

[1] An "ACDV" is the electronic form (Automated Consumer Dispute Verification) by which a consumer's dispute is transmitted by the "Big-3" national credit reporting agencies to furnishers of credit information such as Bank of America.

Instead, they include short list of steps to take when accessing the Bank of America ACDV viewing and operations system. The documents by their description apply to such processes at the Bank's servicing and operations center, not its India data entry location.

    **(2.)    Temporary Sealing is Necessary.**

To be clear, Plaintiffs do not believe that anything in Exhibit "A" would be properly and permanently sealed. Nevertheless, as Defendant has misused the confidentiality label from the entered Protective Order, there is no alternate means to put the subject document before the Court for this determination. In fact, in accordance with the Protective Order, Plaintiffs' counsel has asked Defendant's counsel to file the present Rule 5 motion. Defendant's counsel responded: "*If you are attaching documents which we designated as 'Confidential' as exhibits to your brief, you will need to file the appropriate Motion to Seal, with a Memo, Notice and proposed Order. We will, of course, join in the motion. I have sample pleadings if you need them.*" Plaintiffs stated their disagreement, as the protective order would require the bank to file such a motion. Still, as the Motion to Compel is scheduled for hearing this Friday, October 12, 2012, Plaintiffs have proceeded by this filing.[2]

    **(3.)    Governing Case Law**.

When "discovery material is classified confidential by the parties, their classification is not binding on the court." *Chemical Bank v. Affiliated FM Ins. Co.,* 154 F.R.D. 91, 94 (S.D.N.Y.1994)." *I/P Engine, Inc. v. AOL, Inc.*, 2:11CV512, 2012 WL 4050093 (E.D. Va. Sept. 13, 2012). *Ashcraft v. Conoco, Inc.,* 218 F.3d 282 (4th Cir.2000), the seminal case in the Fourth Circuit, sets out the procedural requirements for sealing court filings. *Id.* at 288 (citing *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 181 (4th Cir.1988), and *In re Knight Pub. Co.,* 743

F.2d 231, 235–36 (4th Cir.1984)). Local Rule 5 is the means by which the Eastern District of Virginia implements these procedural requirements (as set out herein).

Though under Local Rule 5 and the Protective Order in this case it is proper to permit filing of the Exhibit "A" documents under seal in order to permit *in camera* review, there is no basis in the law to permit the <u>permanent</u> sealing of these unremarkable documents. Instead, the Court should receive them under seal, review them and then order that they be publically filed in the Court's ordinary docket.

These issues are not new. A creditor's "office policies and procedures" are not protected as attorney-client communications, work product, or confidential business information. *FTC v. Shaffner*, 626 F.2d 32, 37 (7th Cir. 1980); see *Zahran v. Trans Union Corp.*, 2002 WL 31010822, at *3 (N.D. Ill. 2002). In the most-often cited case on the present issues in the context of such a consumer credit case, Judge Kay rejected Defendants' present argument:

> The statements in Paragraphs 234 trough 251 do nothing more than state certain of Trans Union's general procedures for resolving errors in credit reports and Trans Union's alleged failure to follow its protocol in the Zahrans' case. (*See generally,* Pl's State. of Facts 234-251.) The Court does not see how the Zahrans' assertions in these disputed paragraphs divulge any Trans Union trade secrets, and to the extent that Paragraphs 234 through 251 refer to certain documents, the Court finds that these documents are undeserving of a protective order, as further explained below.
>
> In all actuality, the portions of the Dispute Training Manual included in the Zahrans' exhibits, which outline procedures for consumer relations personnel to handle consumer credit disputes, are not rocket science. In the case at bar, the Court is not faced with the disclosure of the actual computer software used to design Trans Union's consumer credit database or the decision-making process that determines how or why certain information is placed on an individual's credit report in the first place. Here, the Court is only confronted with the data entry of consumer information, complaints, definitions and instructions on how to access consumer dispute history or similar screens. The Court concludes that the function commands, keystrokes, data entry instructions, and general computer codes in the Dispute Training Guide are not a "formula, pattern, device or compilation of information"

---

[2] Plaintiffs have redacted as much as can make sense from the manuals at issue, removing nearly all pages not expressly identified by the Defendant and including only the small number that mention "ACDVs".

that gives Trans Union an advantage over competitors. The Court does not see how a competitor will be advantaged if information relating to which keystrokes access which screens in the database is disclosed or if information about which departments handle various consumer inquiries becomes public knowledge.

*Zahran v. Trans Union Corp.*, 01 C 1700, 2002 WL 31010822 (N.D. Ill. Sept. 9, 2002). *See also Ahern v. Trans Union LLC Zale Corp.*, 301CV02313(DJS), 2002 WL 32114492 (D. Conn. Oct. 23, 2002) (stating "[t]hat Transunion considers documents proprietary and confidential falls short of establishing grounds for a protective order or any recognized immunity from discovery. More than a mere assertion is required to perfect an exemption or immunity from discovery.").

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion to File Documents Under Seal and grant them any other relief as the Court deems just and proper.

Respectfully submitted,

**ADELINA AND MIGUEL ROCABRUNA**

/s/
Leonard A. Bennett, Esq. (VSB #37523)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
lenbennett@clalegal.com

Susan M. Rotkis, Esq. (VSB #40693)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
srotkis@clalegal.com

        Kristi Cahoon Kelly, Esq. (VSB #72791)
        Andrew J. Guzzo, Esq. (VSB #82170)
        Surovell Isaacs Petersen & Levy PLC
        4010 University Dr., Suite 200
        Fairfax, VA 22030
        703-251-5400 - Telephone
        703-591-9285 – Facsimile
        Email: kkelly@siplfirm.com
        Email: aguzzo@siplfirm.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2012, I will file the foregoing motion electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Anand Vijay Ramana
McGuireWoods LLP (DC)
2001 K Street NW
Suite 400
Washington, DC 20006-1040
Email: aramana@mcguirewoods.com

Brian Emory Pumphrey
McGuireWoods LLP
901 E Cary St
Richmond, VA 23219-4030
E-mail: bpumphrey@mcguirewoods.com

            /s/
        Kristi Cahoon Kelly, Esq. (VSB #72791)
        Surovell Isaacs Petersen & Levy PLC
        4010 University Dr., Suite 200
        Fairfax, VA 22030
        703-251-5400 - Telephone
        703-591-9285 – Facsimile
        Email: kkelly@siplfirm.com